[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Luigi Cangiano alleges in his complaint, filed October 18, 1987, that he was delivering a window to the garage of defendant Donald Meredith's home in Madison on October 1, 1987. The garage was the site of construction work being done by co-defendants James DiDominic and Robert Austin, d/b/a Rigley Construction Co. The plaintiff alleges that he entered the garage to deliver the window and stepped on a nail which was protruding from a board left on the floor. Plaintiff claims the puncture wound was serious and has resulted in the inability to continue his work as a truck driver, the loss of consortium as regards co-plaintiff Gina Luigi's wife, medical expenses in excess of $18,000 and pain and suffering.
The complaint is in four counts; the first count charges homeowner Meredith with negligence. The second count is a loss of consortium claim against homeowner Meredith by co-plaintiff Gina Cangiano. The third and fourth counts duplicate these charges as against the co-defendants DiDominic and Austin.
The defendant Meredith, by way of his amended cross claim filed May 14, 1990, has alleged that the co-defendants DiDominic and Austin were primarily negligent in causing the plaintiff's claimed podiatric trauma, and should thus be liable to indemnify Meredith for any damages assessed against him. The co-defendants DiDominic and Austin have moved to strike the amended cross claim, arguing that the cross claim fails to state a claim, being an insufficient recitation of the essential elements of an active/passive negligence claim.
A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS Inc., 196 Conn. 91, 108 (1985). The motion admits all facts well pleaded, Ferryman v. Groton,212 Conn. 138, 142 (1989), but not opinions or legal conclusions. Blancato v. Feldspar, 203 Conn. 34, 37 (1987). In ruling on a motion to strike the court must construe the facts alleged in the manner most favorable to the pleading party. Rowe v. Gedou,209 Conn. 273, 278 (1988). "The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." Beaudoin v. Town Oil Co.,207 Conn. 575, 588-89 (1988).
Four elements must be proven to find a party primarily CT Page 4622 negligent for purposes of a common-law indemnification claim: (1) the third party defendant must have been negligent; (2) that party's negligence rather than another's was the direct and immediate cause of the injury; (3) that party had exclusive control of the situation: and, (4) the party seeking the indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982) (citing Kaplan v. Merberg Wrecking Co., 152 Conn. 405, 416 (1965).
"Implicit in indemnification is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni,23 Conn. App. 325, 327 (1990).
If construction of the cross claim in the manner most favorable to the pleader reveals that "the facts provable under its allegations would support a cause of action," Mingachos,196 Conn. at 108, the motion to strike should be denied.
The cross claim alleges at paragraph 2 that the third party defendants were performing work on the cross claimant's garage pursuant to a contractual agreement: this allegation satisfied the requirement under Atkinson and the cases cited therein of an independent legal relationship.
In paragraph 6, the cross complaint alleges that the defendants caused the defective condition on the garage floor; this allegation supports an inference that the defendants were negligent and, therefore, satisfies the first requirement under Weintraub. In paragraph 4, the cross claimant alleges that the negligence of the defendants was the direct and immediate cause of any injuries sustained by the plaintiff, which were not the fault of the cross claimant; this allegation satisfies the second requirement under Weintraub. At paragraph 5, the cross claimant alleges that the defendant contractors were in exclusive control of the situation at the time of the plaintiff's purported pedal impalement; this allegation satisfies the third requirement under Weintraub. Paragraph 6 further alleges that the cross claimant had no knowledge or reason to anticipate the defendants' negligence, which, virtually duplicates the relevant language from the fourth requirement under Weintraub v. Dahn, 188 Conn. at 573.
Since the amended cross claim states a legally sufficient claim for indemnification motion to strike should be and is therefore denied.
DONALD T. DORSEY, JUDGE CT Page 4623