[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This motion raises the question whether a defendant who is released under section 52-572h (n) C.G.S. can be brought back in under a third party complaint. The action arises out of a motor vehicle accident on November 1, 1988 in which the plaintiff's decedent was killed. The action was originally started against Pauline Zambarano and Richard Zambarano (hereafter called Zambarano), the driver and owner CT Page 4111 respectively of the car involved in the accident. The plaintiff later cited in Elmer H. Sega and McClinch Crane, Inc. as defendants. The amended complaint alleges that Sega was operating a mobile crane owned by the defendant McClinch Crane in a no passing zone and that the collision occurred when the Zambarano vehicle attempted to pass the crane and collided with the vehicle of the plaintiff's decedent. In July 1990, the plaintiff settled the claim against Zambarano and their insurance carrier for $500,000 in return for a release and withdrawal of the action as to them. The release was filed with the motion for summary judgment and discharged Zambarano from any further liability to the decedent's estate. Sega and McClinch Crane then impleaded Zambarano as third party defendants under section 52-102 of the General Statutes. The third party complaint alleges that the injuries to the plaintiff's decedent were caused by the negligence of Zambarano and that Zambarano is liable for contribution under the Tort Reform Act, section 52-572h C.G.S. Zambarano has moved for summary judgment on the third party complaint, attaching an affidavit showing settlement with the plaintiff administrator and a copy of the release.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 254, 264; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. For a summary judgment to be granted it must be clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. The test as to whether a summary judgment should be granted, namely that the moving party must be entitled to judgment as a matter of law, is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; State v. Goggin, 208 Conn. 606,616.
The third party plaintiffs (Sega and McClinch Crane) have not filed any documents in opposition to the motion and the essential facts are undisputed. Moreover, they have not pleaded a cause of action for indemnification from Zambarano based on the concept that a party who is secondarily negligent can obtain indemnification from another party whose negligence is primary. See Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573; Kaplan v. Merberg Wrecking Corporation,152 Conn. 405, 415. This is an exception to the general rule that there is no right of indemnity among joint tortfeasors. CT Page 4112 Ferryman v. Groton, 212 Conn. 138, 142, 143. In order to recover on the primary-secondary negligence concept, the secondarily negligent tortfeasor must prove: (1) the other party was negligent; (2) the other party's negligence rather than the indemnitee's was the direct and immediate cause of injury; (3) the other party had exclusive control over the situation and (4) the secondarily negligent party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely upon the other party not to be negligent. Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74. In addition, the party seeking indemnification must establish that the alleged indemnitor owed the party seeking indemnification a duty based upon an independent legal relationship. Atkinson v. Berloni, 23 Conn. App. 325, 328. The third party complaint does not contain allegations meeting all these requirements.
The third party plaintiffs claim that Zambarano is a necessary party despite the settlement with the plaintiff, in order to determine the proportionate liability of all persons for the decedent's injuries at the trial. This case presents the novel question as to whether a defendant that is initially in the case but is released as a result of a settlement with the plaintiff can be dragged back in as a party at the request of another defendant even though the plaintiff cannot recover any additional damages from the released defendant. Both parties to this motion rely upon section 52-572h of the General Statutes as revised by Tort Reform II. Several subsections of the statute have a bearing on this issue, and it is a fundamental principle of statutory construction that there is a purpose behind every sentence, clause or phrase in the statute, which is to be construed so that each part of it is made operative. Peck v. Jacquemin,196 Conn. 53, 66. The third party plaintiffs claim that when Tort Reform II changed section 52-572h to replace the word "person" with the word "party" that only the liability of remaining parties in the action can be determined by the trier, so that failure to retain the released defendants may increase the proportionate liability of the third party plaintiffs. That interpretation is rejected. Section 52-572h(n) reads as follows:
 "A release, settlement or similar agreement entered into by a claimant and a person discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the total award of damages is reduced by the amount of the released person's percentage of negligence determined in CT Page 4113 accordance with subsection (f) of this section."
The reference to subsection (f) is significant. It provides that the trier, whether a court or jury, shall make several findings, including "the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred percent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section." (emphasis added). Subsection (d) of section52-572h controls the proportionate share of damages for which each party is liable. The proportionate share of damages depends upon each defendant's percentage of negligence. The share of each defendant's damages is a fraction in which in the numerator is the specific defendant's degree of negligence and the denominator is the total of the percentages of negligence contributing to the injury, excluding negligence attributable to the claimant. Subsection (d) provides in part that "the denominator is the total of the percentages of the negligence, which percentages shall be determined pursuant to subsection (f) of this section, to be attributable to all parties whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section." (emphasis added). In this context "parties" includes persons previously released from the case, i.e. former parties. It is apparent from considering the statute as a whole that the percentage of negligence, and therefore the percentage and amount of damages, paid by the third party plaintiffs will not increase in any way whether or not the released defendants remain in the case. The trier will still have to include any percentage of negligence attributable to the released defendants in determining the percentage of liability and share of damages of the third party plaintiffs. Under the statute, once a defendant is in the case, any negligence of that defendant must be included in determining the percentage of liability of other defendants. The third party defendant here can introduce evidence to establish the percentage of negligence of the released defendants even though they are no longer parties.
The case of Howard v. Capellan, 16 Conn. L. Trib. 32 (August 13, 1990) which allowed another defendant to be brought into a case is distinguishable, because there the plaintiff had not sued the additional defendant, or settled with and released the defendant under subsection (n) of section 52-572 C.G.S. There the failure to include the additional defendant could have adversely affected the CT Page 4114 percentage of negligence of the existing defendants under subsections (d) and (f) of the statute.
The benefits of the statute would be substantially undercut if a party that settles with all plaintiffs could still be forced to go through the trial. That can hardly be construed as legislative intent when the effect of the statute as a whole is not to increase the amount or degree of liability of any of the defendants that remain in the case, and the released defendants can no longer be held liable to any remaining parties. Since the third party plaintiffs have no right of contribution or indemnity from the released defendants under any situation, they have no legal right to maintain a third party complaint against them.
The motion for summary judgment for the third party defendants on the third party complaint is granted.
ROBERT A. FULLER, JUDGE