The plaintiff, an auto mechanic, was employed by the defendants' decedent. Pursuant to trade custom, he stored his work tools in a locked cabinet on the decedent's premises. On the night of *Page 503 
November 29, 1979, the decedent's building was burglarized and the plaintiff's tools were stolen. The trial court found that the building was properly secured for the night, that the burglars entered through a window fifteen to thirty feet above the ground which had been covered with a piece of three-quarter inch plywood nailed shut, and that there were no prior burglaries on the premises.
The complaint sounds in negligence and bailment; however, at trial, the plaintiff conceded that he was proceeding solely on a theory of bailment.
The trial court concluded that the decedent was not negligent and that "[a]ssuming that there was a bailment of the tools . . . the [decedent] as bailee has satisfied its burden of proof. . . ." It, therefore, rendered judgment for the defendants.
In his appeal, the plaintiff argues that the court erred in concluding that the decedent had satisfied his burden of proving "actual circumstances." The gravamen of this claim is that once the plaintiff proved that there was a bailment, a presumption arose that there was negligence on the part of the decedent. The burden then shifted to the decedent to rebut this presumption by proving the actual circumstances involved in the theft of the tools; here, the facts found did not support the court's conclusion that the decedent sustained this burden of proof.
While the plaintiff has correctly stated the legal effect of a finding of bailment; National Broadcasting Co. v. Rose, 153 Conn. 219, 225,215 A.2d 123 (1965); Frissell v. John W. Rogers, Inc., 141 Conn. 308, 310, 106 A.2d 162 (1954); we do not agree with his factual assumption that a bailment was proved in the present case.
In Pinto v. Bridgeport Mack Trucks, Inc., 38 Conn. Sup. 639,641-42, 458 A.2d 696 (1983), we held that *Page 504 
"[a] bailment is a consensual relation and it includes, in its broadest sense, any delivery of personal property in trust for a lawful purpose. 8 C.J.S. 314, Bailments 1. Assumption of control is the determinative factor. `[A] "bailee" is one who receives personal property from another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished. . . .' 8 C.J.S. 321, Bailments 1.
"Here there was no delivery of the plaintiff's tools to the defendant nor receipt of them in a sense that could serve as a basis for concluding that the defendant had assumed control over them. Delivery connotes a handing over or surrender of possession to another. See Ballentine's Law Dictionary. Locking the tools in a box and leaving the box wherever one chooses in the work area of the employer's premises, pursuant to a trade custom, is not consistent with a handing over or surrender of possession of either the tools or the box to the employer within the meaning of a bailment." The factual circumstances here are identical to the facts in Pinto, supra, and we therefore conclude for the same reasons that a bailment was not proved.
 There is no error.
DALY, BIELUCH and COVELLO, Js., participated in this decision.