[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following motions are addressed below: Motion for partial summary judgment by third party defendants Electric Boat Division and Charles Franklin (hereinafter referred to as "Electric Boat") on third party plaintiff City of Groton's CT Page 5493 complaint and City of Groton's special defense to Electric Boat Division's counterclaim; Motions for summary judgment by third party plaintiff City of Groton on first and second special defenses and counterclaim of Electric Boat and Franklin.
FACTS
The following facts are undisputed or admitted. During the summer of 1985, the first party plaintiff's decedent, Michael Ferryman ("Ferryman"), was employed in the maintenance department of the third party defendant Electric Boat Division of General Dynamics Corporation ("Electric Boat"). Ferryman was a 19 year old college student. On July 3, Ferryman's foreman, third party defendant Charles Franklin ("Franklin"), directed Ferryman and three co-workers to mow the lawn and pull weeds near a fenced-in set of high voltage electrical transformers owned by the third party plaintiff City of Groton ("Groton"). Franklin unlocked the gate to the transformer "installation" and left the scene. It is unclear whether he left to find an electrician to supervise the work in the installation, and whether he directed the workers not to enter the transformer area until he returned. In any event, Ferryman and a co-worker entered the installation and began to pull weeds in the immediate vicinity of the transformers. As he was pulling weeds, Ferryman was fatally electrocuted when his body came in contact with the transformers or with a lightning arrester attached to them.
The estate brought suit against Groton and against Electric Boat and Franklin. The estate's claims against Electric Boat and Franklin were stricken by the court, as being barred under the worker's compensation laws. The estate did not appeal this judgment, and proceeded against Groton. Groton brought a third party action against Franklin and Electric Boat, seeking indemnification on the theory that Franklin and Electric Boat were active tortfeasors and Groton was at best a passive tortfeasor. The trial court, Hurley, J., granted the third party defendants' motion to strike Groton's claim, on the ground that it was barred by the workers' compensation laws of Connecticut. The Supreme Court reversed the trial court; Ferryman v. Groton, 212 Conn. 138 (1989); holding that Groton's complaint alleged an independent legal relationship that could, if proved, provide a ground for indemnification not barred by the workers' compensation act. Id.
Electric Boat now moves for summary judgment on Groton's third party complaint and on Groton's special defense to Electric Boat's counterclaim. Groton moves for summary judgment on Electric Boat's first and second special defenses to the third party complaint and on Electric Boat's CT Page 5494 counterclaim for damages. Further facts will be related as they become relevant to the following analysis.
DISCUSSION
Summary Judgment, Generally
Summary judgment is available where the controversy between two parties does not present any "genuine question of material fact"; Connecticut Practice Book section 384 (rev'd to 1978, updated to October 1990); and the moving party is entitled to judgment as a matter of law. Id. Connecticut Practice Book section 379 provides that a motion for summary judgment is applicable in an independent action. A motion for summary judgment may be filed by any party at any time, addressed to the claim or counterclaim, after the pleadings are closed. Connecticut Practice Book section 379; see Esposito v. Wethered, 4 Conn. App. 641, 644 (1985).
In a motion for summary judgment, the movant bears the burden of proving the absence of any issue of material fact. Dougherty v. Graham, 161 Conn. 248, 250 (1971). To satisfy this burden, the movant must show that "it is quite clear what the truth is"; id. and that the pleadings, affidavits, and other documentary evidence, when viewed in the light most favorable to the nonmovant, leave no real doubt as to the existence of any genuine issue of material fact. Id.; Sheridan v. Board of Education, 20 Conn. App. 231, 239 (1989).
"A motion for summary judgment shall be supported by such documentation as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . .The adverse party. . .shall file opposing affidavits or other documentary evidence." Connecticut Practice Book section 380. (Emphasis added). "Supporting and opposing affidavits shall be made on personal knowledge, (and) shall set forth such facts as would be admissible in evidence. . . ." Connecticut Practice Book section 381.
A large proportion of the documentation accompanying Electric Boat's motions for summary judgment consists of "deposition summaries" prepared by Electric Boat's counsel. These documents were not executed under oath, but purport to describe the deposition testimony of persons other than the author of the summary. As such, they are hearsay, and will not be considered in addressing the claims of either party. See McColl v. Pataky, 160 Conn. 457, 460 (1971); see also Connecticut Practice Book sections 380, 381. CT Page 5495
 I. Third Party Defendants' Motion for Summary Judgment Groton's Complaint
In their answer to Groton's third party complaint, Electric Boat and Franklin interposed as their first special defense that Groton's indemnification claim was barred both by the federal Longshoreman's and Harbor Workers' Compensation Act; 33 U.S.C. § 901 et seq. (LHWCA); and by the state workers' compensation act; Connecticut General Statutes section31-284 (a) (rev'd to 1989); because Groton has failed adequately to show the existence of an independent legal relationship. See Ferryman v. Groton, 212 Conn. at 146. Electric Boat claims that "there are no material facts in dispute on the indemnification issue and the first special defense thereto." (See Electric Boat's Memorandum in Support of Motion for Summary Judgment, p. 5).
A. State Workers' Compensation Act
In its complaint, Groton alleged the existence of two independent legal relationships between itself and Electric Boat, namely, "as co-owners of the electrical installation and its component parts," and "as bailor and bailee, respectively, of the electrical installation and its component parts." Groton also alleged that Electric Boat "controlled access to said electrical installation." Groton's co-ownership claim is based on the fact that, although it admits that it owned the transformers and metering equipment at the installation, it is undisputed that Electric Boat owns the property on which the installation stands. As to the rest of the equipment in the installation, each party ascribes ownership to the other. Groton's bailment claim is that its transformers were in Electric Boat's exclusive control; Groton claims its personnel could not gain access to them without passing over Electric Boat property, and without obtaining prior clearance from Electric Boat.
"`When [a] third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, (indemnification) is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive remedy clause. . . .' 2A A Larson, (Workmen's Compensation Law) section 76." Ferryman v. Groton, 212 Conn. at 144-45; see also Connecticut General Statutes section 31-284 (a) (rev'd to 1989). "`But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed."' Ferryman, 212 Conn. at 145.
The Supreme Court held that the complaint in this CT Page 5496 case, "(w)hen viewed in the light most favorable to the pleader . . . discloses the essentials of (an independent legal relationship that) could contain the express or implied legal duty" necessary for the complaint to withstand a motion to strike. Id. at 146. Electric Boat now claims that Groton has failed to produce any evidence that could raise the factual issue of the existence of such a duty, and that, in the absence of such an issue, it is entitled to judgment as a matter of law. Groton, on the other hand, claims to have produced evidence of such a relationship.
In order to avoid the workers' compensation bar, Groton must establish that Electric Boat "`breached an independent duty toward [i]), or [that] there is a basis for finding an implied promise of indemnity."' Ferryman v. Groton,212 Conn. at 145. A showing that Groton and Electric Boat had an independent legal relationship would be insufficient without the further showing that the relationship gave rise to an independent legal duty or other basis that would support Groton's indemnity claim. Id.; see also Kaplan v. Merberg Wrecking Corporation, 152 Conn. 40 (1965) (parties' contractual relationship as contractor and subcontractor found not to support contractor's indemnity claim because contract did not provide for indemnification).
Groton first attempts to establish the existence of an independent legal relationship between itself and Electric Boat on the basis that the two parties `co-owned' the installation. Although the parties dispute the ownership of much of the equipment at the installation, they do not dispute that Groton owned the transformers and metering equipment and that Electric Boat owned a circuit breaker box inside the installation and the land on which the installation stood. Both parties, moreover, had keyed access to the installation.
No reported case in Connecticut, or anywhere else, for that matter, squarely addresses or considers the contours of the legal relationship which Groton claims arises under the peculiar facts of the case at hand. Groton claims that, "as owners of the various components of the transformer installation, both parties owed a duty to each other in the use and maintenance of the installation so that third persons would be not injured in the installation." (Groton's Motion for Summary Judgment on First Special Defense, p. 11). Groton claims that "this duty is entirely independent of any duty owed by either the City or Electric Boat to Michael Ferryman." (Id. at 12).
Groton has provided no authority or evidence for its contention that Groton and Electric Boat had a "co-ownership" CT Page 5497 relationship with respect to the installation from which an implied promise or duty to indemnify could be inferred. Groton apparently is not claiming that the parties purchased or owned the property or the various components of the installation together but rather that their separate ownership of the various pieces of equipment located in the installation of the property owned by Electric Boat created a "co-ownership" relationship with respect to the installation as a whole. Groton cites no authority for the proposition that the separate ownership of various parts of an installation by two parties creates an independent legal relationship between the two parties from which an independent duty to each other to maintain the installation as a whole arises. There is no evidence of any agreement or contract between the parties regarding maintenance of the installation as a whole, or of any of the components owned by the other.
Even if the ownership of the components which each party ascribes to the other was resolved in favor of Groton and attributed to Electric Boat, Groton has not offered any authority that would support its indemnification claim based upon a "co-ownership" theory. Groton has not demonstrated how the fact that the parties each owned separate pieces of equipment in the facility creates any legally recognized duty owed to each other with respect to the equipment that the other owned or the installation as a whole. It is undisputed that each party had separate keyed access to the installation and thus had the opportunity to inspect and maintain its own equipment. Groton has cited no authority which, under the facts alleged, would support a finding that Electric Boat had agreed to maintain Groton's transformers or metering equipment or that Groton had agreed to maintain Electric Boat's property or equipment in the installation merely because each party owned separate pieces of equipment located in the same installation. Groton has not shown how the fact that each may have a duty to maintain their equipment or the installation with respect to their own employees or anyone who might enter the facility creates an independent duty to indemnify on the part of each to the other.
Groton has failed to cite any authority in support of its contention that Groton and Electric Boat can be said to have "co-owned" the installation as a whole. Groton has failed to cite any authority to explain how an implied promise or duty to indemnify arises from the relationship between the parties under the facts which Groton has alleged.
The other basis for Groton's indemnification claim is that a bailment relationship existed between the parties from which a duty or promise to indemnify may be inferred. A CT Page 5498 bailment requires that the property bailed be placed in the possession of the bailee so as to give the bailee sole custody and control of the property. Desmond v. Wall, 39 Conn. Sup. 502,504 (App. div. 1983); 8 C.J.S. Bailments section 23b. There is no factual basis in this case, for finding that Electric Boat ever gained custody or control over the transformers. Although the transformers and meters were placed on Electric Boat property, Groton continually made use of them to regulate the flow of voltage or electricity into Electric Boat's facility. The transformers and meters were the terminal components of Groton's apparatus for the delivery of electric current. It is undisputed that Groton continually controlled the use of this apparatus, and that Electric Boat's `control' of the transformers and meters went no further than control of the access to them. Compare On Site Energy Corporation v. Sperry Rand Corporation, 5 Conn. App. 326, 330-31 (1985) (bailment was created by contract, electric generating equipment placed in lessee's plant but maintained by lessor). Control of the transformers and meters themselves remained with Groton. In this case the court finds that no bailment was created. See Blondell v. Consolidated Gas Co., 89 Md. 732,43 A. 817 (1989); 8 Am.Jur.2d Bailments section 67.
Even if all facts are resolved in Groton's favor on its co-ownership or bailment allegations, these facts, as a matter of law, do not give rise to a duty or promise which would overcome the workers' compensation bar. Groton has failed to produce any evidence of an independent legal relationship which could contain the implied legal duty to Groton from which an implied promise or duty to indemnify can arise. Electric Boat's Motion for Partial Summary Judgment on Groton's complaint may be granted on the ground that the State Workers' Compensation Act bars Groton's indemnification claim.
B. Federal Longshoreman's Act
The liability of an employer under the LHWCA is "exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account on such injury or death. . . ." 33 U.S.C. § 905(a). Any person "engaged in maritime employment" is covered by the LHWCA; 33 U.S.C. § 902(3); Herb's Welding Inc. v. Gray,470 U.S. 414, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1985); ". . .if the disability or death (of the employee) results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, CT Page 5499 repairing, dismantling or building a vessel)."33 U.S.C. § 903(a).
Electric Boat claims that Ferryman was engaged in "maritime" employment, and that therefore he was covered by LHWCA, which, according to Electric Boat, provides an absolute bar to indemnification claims such as Groton's. Groton claims that the LHWCA's "exclusivity provision does not apply to this case because Michael Ferryman was not an employee under that law." (Groton's Memorandum in Support of Motion for Summary Judgment on Electric Boat's First Special Defense, pp. 3-4).
Electric Boat claims that Ferryman's duties included not only cutting grass, but also "trimming vegetation, picking up debris, policing the shipyard and general cleanup." Electric Boat contends that "(t)hese duties were performed, as required, throughout the shipyard, including waterfront areas adjacent to the navigable waters of the Thames River." (Electric Boat's Memorandum in Support of Motion for Partial Summary Judgment, Exhibit E, Affidavit of Eugene Donacki). Ferryman's maintenance duties are not within any of the exceptions listed in33 U.S.C. § 902(3)(A)-(H), inclusive.
In Gencarelle v. General Dynamics Corp., D. N. 89-4054, December 14, 1989 (2d Cir.), the court of appeals affirmed an order of the Benefits Review Board denying the plaintiff's claim for benefits as time barred by the statute of limitations. Id. at 706. The claimant, Nicholas Gencarelle, was a "general labor or maintenance man" at Electric Boat. Id. at 703. Gencarelle "`did everything' — clean buildings, sweep roads, move furniture, and more." Id. The court in Gencarelle did not question the claimant's status as a maritime employee or the applicability of the LHWCA to him.
In Graziano v. General Dynamics Corp., 663 F.2d 340
(1st Cir. 1981), the claimant had worked in Electric Boat's maintenance department for ten years as a "maintenance-mason." His duties included the repair of masonry in shipyard buildings, breaking up concrete, laying cement, grouting, removing asbestos from pipes, repairing boilers and manholes, and cleaning acid tanks. The court concluded that "(t)he maintenance of the structures housing shipyard machinery and in which shipbuilding operations are carried on is no less essential to shipbuilding than is the repair of the machinery itself. . . . Graziano's maintenance and repair of shipyard facilities was essential to the building and repairing of ships." Id. at 343-44.
Ferryman worked in the same department as Gencarelle and Graziano Electric Boat's Memorandum in Support of Motion CT Page 5500 for Partial Summary Judgment, p. 3). Ferryman's duties at the shipyard were no less essential to the maintenance of the shipyard operation, and thus to the building and repairing of ships, than were the duties of Gencarelle and Graziano.
"The language of the 1972 Amendments. . .(to the LHWCA) is broad and suggests an expansive view of coverage." Graziano,663 F.2d at 342. "The Act must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results." Id. (quoting Northeast Marine Terminal Co., Inc. v. Caputo, 342 U.S. 249, 268,53 L.Ed.2d 320, 97 S.Ct. 2348 [1977]) (citation omitted).
Ferryman's duties fell within the broad scope of the LHWCA. It is also significant that Electric Boat has paid the benefits due Ferryman's estate under the LHWCA. The exclusivity provision of the LHWCA "effectively abrogates any independent tort liability of the employer to its employees, thereby eliminating any basis which may have existed for indemnification on a tort theory." McCall v. Columbia Gas Development Corp., 635 F. Sup. 49, 55 (W.D. LA. 1986).
If this court were to find that the existence of an independent duty or implied promise to indemnify would overcome the exclusivity provision of the LHWCA, Groton has failed to cite any authority which, under the facts of this case, would support a finding of such a duty or promise. Accordingly, Electric Boat's Motion for Partial Summary Judgment on Groton's complaint is hereby granted on the ground that Groton's claim is barred by the provisions of the LHWCA.
Electric Boat has also moved for partial summary judgment on Groton's special defense that Electric Boat's counterclaim is barred by the statute of limitations. Electric Boat's motion is procedurally improper because judgment cannot enter on a special defense. The issue of the statute of limitations was properly raised by Groton in its motion for summary judgment on Electric Boat's counterclaim based upon the statute of limitations and that the issue has been disposed of in the discussion, below in Section II, of Groton's Motion for Summary Judgment on Electric Boat's counterclaim. Accordingly, Electric Boat's Motion for Summary Judgment on Groton's Special Defense to the Counterclaim is hereby denied.
 II. Groton's Motion for Summary Judgment on Electric Boat's Counterclaim
In its answer to Groton's third party complaint, Electric Boat brought a counterclaim against Groton, alleging that the city failed to maintain the electric installation "in CT Page 5501 a reasonably safe condition," in that the transformers were not in proper housings, and the danger at the installation was not sufficiently labelled. Groton, in its reply to Electric Boat's counterclaim, alleged as a special defense that Electric Boat's claim was barred by the three-year statute of limitations for tort actions.
Electric Boat does not dispute that its counterclaim would be time-barred under the three-year statute of limitations for tort actions, Connecticut General Statutes section 52-577 (rev'd to 1989). Instead, Electric Boat argues that the six-year statute of limitations for contract actions is appropriate in this case, because a duty to indemnify is covered by the six-year statute. Connecticut General Statutes section 52-576 (rev'd to 1989). See Balboa Insurance Co. v. Zaleski, 12 Conn. App. 529, cert. denied, 206 Conn. 802 (1987). Groton claims that the counterclaim sounds in tort, and is accordingly time-barred.
Groton is entitled to summary judgment on Electric Boat's counterclaim. The applicable statute of limitations is determined by reviewing the allegations of the complaint. Morrison v. Zenobia, 1 Conn. App. 7, 8 (1983). Paragraph 11 of the counterclaim alleges that Ferryman's death was caused "by the gross negligence and carelessness and unlawful acts of the said City of Groton in maintaining its electrical substation." Paragraph 6 of the counterclaim also speaks of Groton's negligence. Nowhere in the counterclaim is there any allegation of an agreement, express or implied, by Groton to indemnify Electric Boat. Electric Boat's counterclaim is based exclusively on negligence, and there is no basis for applying the six-year statute of limitations Connecticut General Statutes section 52-576. Summary judgment on the counterclaim is granted for the plaintiff, Groton.
 III. Groton's Motion for Summary Judgment on Electric Boat's First and Second Special Defenses
Groton has moved for summary judgment on Electric Boat's first and second special defenses. Since judgment on the complaint is hereby entered for Electric Boat on the basis of its first special defense, Groton's motion for summary judgment on Electric Boat's special defenses is denied. A plaintiff's motion for summary judgment on the defendant's special defenses is improper because the Practice Book provides for the motion on a complaint, counterclaim or cross-claim, but makes no provision for summary judgment on special defenses. See Connecticut Practice Book section 379. "Judgments are rendered on complaints or counterclaims, but there is no provision under Connecticut practice for a `judgment' to be entered on a CT Page 5502 special defense." H.R. Hillery Co. v. Crystal Mall Associates,2 CSCR 324 (February 11, 1987, Koletsky, J.); see Rogers v. Daley Development Co., Inc., 3 CtLR 95 (January 14, 1991, Pickett, J.). But see Peoples Bank v. BMI Industries, Inc.,3 CSCR 450 (April 28, 1988, Hennessey, J.).
CONCLUSION
The Court therefore rules:
 1. Electric Boat's Motion for Partial Summary Judgment is granted on the complaint because action is barred by both LHWCA and State Workers' Compensation Act. Summary judgment is denied as to special defense to counterclaim.
 2. Groton's Motion for Summary Judgment on Electric Boat's Counterclaim is granted because statute of limitations for torts has run.
 3. Groton's Motion for Summary Judgment on Electric Boat's First and Second Special Defenses is denied.
HURLEY, J.