[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANTS VALENTINES' MOTION FOR SUMMARY JUDGMENTAGAINST BURGER KING'S CROSS-COMPLAINT
FACTS
By amended complaint, filed December 4, 1992, the plaintiff, Kevin M. Schoenburger, commenced an action against the defendants, North Kendall Properties, Inc., Burger King Corp., and Pillsbury Co., (collectively referred to as "Burger King"), for personal injuries sustained from an assault. The following facts are alleged in the plaintiff's complaint.
On or about December 27, 1990, the plaintiff, a student at the University of Connecticut, was gainfully employed. On said date, the plaintiff patronized a Burger King restaurant at 557 Long Hill Road, Groton, Connecticut. While waiting for his food order at the drive-through window area of said Burger King, the plaintiff "was attacked by an undetermined assailant who exited a vehicle immediately in front of the vehicle occupied by the plaintiff." Thereafter, "three individuals exited the vehicle in front of the vehicle occupied by the plaintiff . . . and surrounded the plaintiff's vehicle. The assailant struck the plaintiff about the face and head then returned to the vehicle in front of the plaintiff at which point said vehicle departed the scene." The plaintiff sustained personal injuries, incurred medical expenses, lost time away from his studies and classes, and lost past and future wages. The plaintiff alleges that his damages were caused by the negligence of the defendants.
The plaintiff alleges the following acts of negligence against Burger King: failure to provide adequate security to an invitee; failure to reasonably patrol the drive-through window area; failure to design and implement a reasonable security monitoring system, failure to timely respond and assist the plaintiff; failure to warn an invitee of the probability of violence created by such lack of security; failure to provide necessary security personnel; and failure to foresee that persons, such as the plaintiff, would be injured from prior CT Page 5683 violence involving patrons. Count one is directed against defendant North Kendall Properties, Inc.; count two is directed against defendant Burger King Corp.; and count three is directed against defendant Pillsbury Co.
The plaintiff alleges the following acts of negligence against the assailants, Todd Valentine and Robert Valentine, Jr.: striking the plaintiff; inciting and/or provoking companions to cause a confrontation and altercation with the plaintiff; failure to exercise reasonable care and self restraint; and failure to restrain or otherwise control companions from having an altercation with the plaintiff. Count four is directed against defendant Todd Valentine; count five is directed against defendant Robert Valentine, Jr.[1]
On December 28, 1992, Burger King filed an amended cross-complaint, against defendants Todd Valentine and Robert Valentine Jr., (collectively referred to as "Valentine"), alleging that any negligent actions committed by Burger King is attributed to the negligent actions of Valentine. Count one is directed against defendant Todd Valentine; count two is directed against defendant Robert Valentine, Jr. Count three contains allegations that if Burger King is liable to the plaintiff for negligence, then such negligence is passive in nature. The negligence of Valentine, however, is active in nature. Burger King further alleges that it had no reason to anticipate such negligence from Valentine Accordingly, Burger King seeks indemnification, costs, and attorney's fees from Valentine.
On December 28, 1992, Burger King filed an answer and the special defense of comparative negligence against the plaintiff's amended complaint. On March 1, 1993, the plaintiff denied every allegation contained in Burger King's special defenses.
On April 12, 1993, Valentine filed an answer to the plaintiff's amended complaint, denying all allegations of negligence. On July 26, 1993, Valentine filed an answer to Burger King's amended cross-complaint.
Thereafter, on January 26, 1994, Valentine filed the current motion for summary judgment against Burger King's amended cross-complaint. Valentine argues that the failure to allege an independent legal relationship precludes the allegations contained in the amended cross-complaint. CT Page 5684
On March 14, 1994, Burger King filed a memorandum of law in opposition to Valentine's motion for summary judgment. Burger King argues that its action is proper because an independent legal duty is not required for a claim seeking indemnification.
DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Id., citing Dowling v. Kielak,160 Conn. 14, 16, 273 A.2d 716 (1970).
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnson v.Meehan, 225 Conn. 528, 534-35, 626 A.2d 244 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Id. "The courts hold the movant to a strict standard." D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v.Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) WadiaCT Page 5685Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992).
As indicated above, Valentine argues that because Burger King has failed to demonstrate the existence of an independent legal duty between the indemnitor and the indemnitee, Burger King's claim for indemnification must fail. Valentine further argues that because the existence of a duty is a question of law, such a contention is proper for summary adjudication. Burger King argues that an independent legal duty is not required for a claim seeking indemnification.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984), citing Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 199, 319 A.2d 403 (1972). But "`[n]egligence is a breach of duty.'" Petriello v. Kalman, 215 Conn. 377, 382,576 A.2d 474 (1990), quoting Urban v. Hartford Gas Co., 139 Conn. 301,304, 93 A.2d 292 (1952). "The existence of a duty is a question of law and `[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand.'" Petriello v.Kalman, supra, quoting Shore v. Stonington, 187 Conn. 147, 151-52,444 A.2d 1379 (1982).
The existence of an independent legal duty between the indemnitor and the indemnitee is a question of law. Therefore, the existence of such a duty is an issue properly raised in a motion for summary judgment. See Cianbro Corporation v.Underwater Construction Co., Superior Court, judicial district of New London at New London, Docket No. 523135 (January 14, 1994) (motion for summary judgment granted in a claim for indemnification where there was no showing of an independent legal relationship between the indemnitor and the indemnitee).
An action for indemnity "involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest."Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412,207 A.2d 732 (1965). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus Naugatuck, Inc., 216 Conn. 65,74, 579 A.2d 26 (1990), citing Kaplan v. Merberg WreckingCT Page 5686Corporation, supra, 411. "Ordinarily, there is no right of indemnity between joint tortfeasors." Atkinson v. Berloni,23 Conn. App. 325, 326, 580 A.2d 84 (1990). "Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor." (Citations omitted.) Id.
 [I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." Burkert v. Petrol Plus of Naugatuck, Inc., supra, citing Kaplan v. Merberg Wrecking Corporation, supra, 415. Such proof requires a [party] to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the [party's], was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the [party]; and (4) that the [party] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
(Citations omitted; internal quotation marks omitted.) Burkert v.Petrol Plus of Naugatuck, Inc., supra, 74.
A fifth element was recently added to a claim for active or primary negligence: "the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni, supra, 327. "Although none of [the cited cases in Atkinson v. Berloni, supra,] suggests that the fifth element should apply in all active or primary negligence cases, it is binding on the Superior Court absent its clarification or overruling by an Appellate Court." (Citations omitted.) Lee v. Northeast Graphics, Inc.,8 CSCR 553, 554 (April 6, 1993, Stanley, J.); see CianbroCorporation v. Underwater Construction Co., supra; Pondelik v.Heritage Restaurant, 6 Conn. L. Rptr. 424 (May 14, 1992, Pickett, J.) (because Atkinson v. Berloni, supra, is binding upon the Superior Court until overruled, an independent legal relationship is needed for an active/passive negligence claim); Bascetta v.Droney, 5 Conn. L. Rptr. 419, 420 (January 6, 1992, Schaller, J.) (because Atkinson v. Berloni, supra, is not in direct conflict CT Page 5687 with earlier supreme court decision, it is binding upon the Superior Court until overruled); but see Commercial UnionInsurance Co. v. New Haven, 3 Conn. L. Rptr. 453, 455 (April 10, 1991, Dorsey, J.) (not all indemnification action are precluded by the absence of an independent legal relationship).
The court finds that a party seeking indemnification based upon active or primary negligence must demonstrate an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. See Atkinson v. Berloni, supra, 327. Therefore, Burger King's amended cross-complaint against Valentine must demonstrate an independent legal relationship between Burger King and Valentine giving rise to a special duty.
Burger King argues that "there was an independent legal duty between Burger King and Robert Valentine since Burger King could reasonably expect patrons such as Valentine to conduct themselves in an orderly manner and not engage in criminal conduct on its premises." Such an argument, without supporting evidence or authority disclosing the existence of such a duty, is insufficient to demonstrate an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. See Atkinson v. Berloni, supra, 327.
Viewing the evidence in the light most favorable to the nonmoving party, Burger King has failed to establish a factual predicate from which it can be determined, a matter of law, that a genuine issue of material fact exists.
Valentine's motion for summary judgment against Burger King's cross-complaint is granted.
Leuba, J.