[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S NOTION TO STRIKE CROSS-COMPLAINT
CT Page 5284-N
The cause of action arises out of a slip and fall accident that occurred at the West Farms Mall on February 29, 1994. The plaintiff, Marilyn Aronson ["Aronson"] filed a five count complaint on December 27, 1995 alleging negligence on the part of: a) West Farm Associates ["WFA"] and Taub-Co Management Inc. ["Taub"] as the owners of the mall; b) United States Shoe Corp. ["U.S. Shoe"], a retail tenant doing business as Petite Sophisticate and c) MBSS, Inc. ["MBSS"] and Frank Lostoski ["Lostoski"] subcontractors who contracted with WFA, Taub and/or U.S. Shoe to perform maintenance work at the Petite Sophisticate store which included cleaning the store's windows.
Aronson alleges that she was directed by signs placed by WFA and/or Taub to walk in the area of the Petite Sophisticate store where she tripped and fell over a squeegee left on the floor by MBSS and/or Lostoski causing her to suffer injuries. On February 16, 1996, Lostoski filed a cross-complaint against WFA and Taub seeking indemnification. On April 9, 1996, WFA and Taub filed a Motion to Strike this cross-claim along with a memorandum in support. On July 15, 1996, Lostoski filed a memorandum in opposition.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegation would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS. Inc., 196 Conn. 91,108, 491 A.2d 368 (1985).
In his cross-complaint, Lostoski alleges that "any and all of the original plaintiff's injuries and damages were the direct and immediate result of the active and primary negligence of [WFA/Taub]." Cross-Claim, ¶ 3. Lostoski claims to be a business invitee and further alleges that "[WFA/Taub] had exclusive control over the injury producing situation . . . [and] owed direct duties to the cross-claim plaintiff resulting in an independent legal relationship." Cross-Claim, CT Page 5284-O ¶ 4-6. Lostoski specifically pleads that WFA/Taub "permitted and encouraged walkers, such as the plaintiff, to be on the premises at a time when it knew, or should have known, cleaning activity such as that being undertaken by the cross-claim plaintiff was likely to take place at the time of plaintiff's accident. Despite said knowledge and notice, WFA/Taub took no steps to direct walkers, such as the plaintiff, away from work areas." Cross-Claim, ¶ 7(a). Lostoski also pleads that "WFA/[Taub] employees caused the floor in the area of [the] plaintiff's accident to become wet when a reasonable and prudent party in WFA's position would have realized the dangers associated with this condition and either warned the plaintiff, or made the condition safe." Cross-Claim, ¶ 7(b).
In their motion to strike, WFA/Taub claims that no independent legal relationship exists between WFA/Taub and Lostoski, as a business invitee, which includes any obligation for indemnification. However, should the court find that such a relationship exists, WFA/Taub alleges that Lostoski has failed to demonstrate that they had exclusive control of the injury causing situation.
"'Negligence is a breach of duty.'" Petriello v. Kalman,215 Conn. 377, 382, 576 A.2d 474 (1990). "The existence of an independent legal duty between the indemnitor and the indemnitee is a question of law."(Citations omitted.)Shoenburger v. North Kendall Properties Inc., Superior Court, judicial district of New London at New London, Docket No. 524795 (May 11, 1994, Leuba, J., 9 CSCR 615) and "'[o]nly if such a duty is found to exist does the trier of fact then determine whether the [third party] defendant violated that duty in the particular situation at hand.'" Petriello v.Kalman, supra, 215 Conn. 382-83.
"A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Corcoran v. Jacovino, 161 Conn. 462, 465, 290 A.2d 225
(1971), citing Restatement (Second), Torts, § 322. [t]he measure of duty of a property owner to a business invitee with respect to the condition of the property is the exercise of reasonable care to have and keep it reasonably safe for the reasonably to be anticipated uses which the invitee would make of it." Facey v. Merkle, 146 Conn. 129, CT Page 5284-P 133, 148 A.2d 261 (1959). See also, Frankovitch v. Burton,185 Conn. 14, 20, 440 A.2d 254 (1981).
Giving every inference in favor of the cross-claimant, the court finds that an independent legal relationship was established between WFA/Taub and Lostoski. The legal relationship between the parties is implicit from the allegations of the counterclaim. This relationship alone, however, does not necessarily establish WFA/Taub's liability to indemnify Lostoski for contingent economic damages arising out of the action brought by Aronson.
Indemnification is "a claim for reimbursement in full from one on whom a primary liability is claimed to rest."Kyratas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357
(1988). "A party who is secondarily [or passively] negligent can obtain indemnification from another party whose negligence is primary [or active]." Immick v. Sears, Roebuck Co.,5 Conn. L. Rptr. 469 (Fuller, J.), citing Weintraub v. RichardDahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982). Active and/or passive indemnification "is an exception to the general rule that there is no right of indemnification among joint tortfeasors." Ferryman v. Groton, Superior Court, judicial district of New London at New London, Docket No. 501482 (June 11, 1991, Hurley, J., 6 CSCR 628). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). To prove active or primary negligence in order to obtain indemnification, a party must establish four elements. (1) that third party defendant was negligent; (2) that its negligence, not the third-party plaintiff's negligence was the direct and immediate cause of injury; (3) that the third party defendant had exclusive control of the situation; and (4) that the third party plaintiff did not know of the charged party's negligence, had no reason to anticipate it, and reasonably could have relied on the charged party to act without negligence. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,416, 207 A.2d 732 (1965).
To recover as an indemnitee, Lostoski must establish, inter alia, that WFA/Taub was in control of the injury causing situation to the exception of Lostoski. Whether Lostoski can CT Page 5284-Q obtain indemnification in this case depends upon factual issues which cannot be resolved on a motion to strike. Likewise, "the question of whether a party is primarily negligent and thus liable to indemnify another tortfeasor is a question of fact. . . . [l]ikewise, the question of whether a party possessed exclusive control of a situation ordinarily is a question of fact."(Citations omitted.) Williams v.Hoffman/New Yorker, Inc., 1996 U.S. Dist. LEXIS 7040 (D. Conn. April 26, 1996).
Accordingly, the defendants' motion to strike the third party plaintiff's cross claim is denied.
Hale, State Judge Referee