[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Schoenhardt Architects, Inc. has filed a third party complaint against the third party defendant Applied Thermodynamics Associates. Schoenhardt contracted with the Town of Mansfield to perform certain services in connection with the construction of a middle school. Applied Thermodynamics Associates (ATA) entered into a contract with Schoenhardt to provide all required services for plumbing and electrical engineering. Atlantic Coast Construction, Inc. was general contractor on the project. Hartford Casualty Insurance was Atlantic's surety and provided both a performance bond and a labor and materials bond, each naming the town as obligee.
On April 25, 1991, the town terminated its contract with Atlantic and demanded that Hartford Casualty perform the remaining work on the project pursuant to the terms of the bond it issued. To recoup payments it made pursuant to the bonds, Hartford Casualty has brought suit against several parties including Schoenhardt. Hartford Casualty alleges that Shoenhardt breached its duty to Hartford Casualty by certifying payment to an electrical subcontractor, Windsor Electric, when Windsor's work was deficient and substandard.
Schoenhardt has brought a four count complaint against ATA. The first count alleges negligent performance of contractual obligations and seeks indemnification for sums Shoenhardt may have to pay Hartford Casualty as damages. The second count sounds in breach of contract. The third count alleges that ATA breached a duty created by General Statutes49-41 and 49-43 and seeks indemnification under this theory. The fourth count alleges that ATA breached a fiduciary duty it had to Schoenhardt.
The third party defendant, ATA, has moved to strike counts one, three, and four. A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc,196 Conn. 91, 108 (1985). The motion admits all facts well-pleaded, Ferryman v. Groton, 212 Conn. 138, 142 (1989), but not opinions or legal conclusions. Blancato v. Feldspar,203 Conn. 34, 37 (1987). In ruling on a motion to strike the court must construe the facts alleged in the manner most favorable to the pleading party. Rowe v. Godou, 209 Conn. 273,278 (1988). "The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, CT Page 5076 rather than narrowly and technically." Beaudoin v. Town Oil Co., 207 Conn. 575, 588-89 (1988).
ATA claims that the first count should be stricken because Connecticut does not recognize a cause of action in tort for purely economic loss and that the obligations ATA undertook were solely contractual and may not be the subject of an action in tort.
Schoenhardt, however, responds that count one is actually a claim for indemnification. Four elements must be proved to find a party primarily negligent for purposes of an indemnification claim: (1) the third party defendant must have been negligent; (2) the party's negligence rather than another's was the direct and immediate cause of the injury; (3) that party had exclusive control of the situation, and (4) the party seeking indemnification did not know of the charged party's negligence and had no reason to anticipate it. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982) citing Kaplan v. Merberg Wrecking Co., 152 Conn. 405, 416
(1965). A fifth requirement of indemnification is that of "an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni, 23 Conn. App. 325, 327 (1990). This fifth requirement is met by the allegation of a contractual relationship between Schoenhardt and ATA which required ATA to perform in a certain manner under the contract. "Indemnity may arise from operation of law resulting from negligence in the performance of a contract." Harper's Inc. v. Farrell, 2 Conn. L. Rptr. 290, 291 (1990). Viewed most favorably to the pleader, Schoenhardt has properly plead the elements of indemnification and has sufficiently alleged an independent legal relationship and breach of a special duty flowing from negligence in the performance of a contract. See Id. Thus, count one sounds in indemnification and can not be stricken.
The third count is also a claim for indemnification based upon the contract provisions between Schoenhardt and ATA. Schoenhardt claims that by virtue of its contract with ATA, the third party defendant is bound by the terms and conditions of the Payment and Performance Bonds issued by Hartford Casualty pursuant to 49-42 and 49-43. However, unlike the allegations in count one which refer to contractual duties ATA was negligent in performing, count three cites no specific contractual language that binds ATA to adhere to the CT Page 5077 terms and conditions of the bonds. Count three simply states the legal conclusion that by virtue of its contract with Schoenhardt, ATA was bound to Schoenhardt to the same extent and manner that Shoenhardt was bound to the town. "By merely alleging that an indemnity agreement exists, and not alleging facts such as the contract language stating the indemnification terms, [the party seeking indemnification] has plead inadmissible legal conclusions. See, e.g. Stevens Lincoln-Mercury, Inc., 1 Conn. L. Rptr. 260 (1990) (Meadow, J.) (where the court held that an allegation of contractual indemnification must be supported by the terms of the contract or the contract itself). Cartier v. Stop Shop Co., Inc.,5 Conn. L. Rptr. 243 (1991). Since this claim for indemnification is supported only by legal conclusions, rather than contract language, the third count is stricken.
The fourth count claims that ATA breached a fiduciary duty it owed to Schoenhardt. "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Dunham v. Dunham, 204 Conn. 303, 322
(1987). Such a relationship does not exist between these parties under the allegations of the complaint. Moreover, there is no fiduciary duty where a relationship is merely commercial or contractual in nature. Metal Finishing Technologies, Inc. v. Fuss and O'Neill, Inc., 4 Conn. L. Rptr. 493 (1991). Since the relationship in the instant case is merely commercial and contractual, no fiduciary duty exists between the parties and count four is stricken.
Accordingly, the motion to strike is denied as to the first count and granted as to the third and fourth counts.
So ordered,
LANGENBACH, J.