DAVID WEINTRAUB ET AL. *v.* RICHARD DAHN, INC.
(10415)

PETERS, HEALEY, PARSKEY, SHEA and SPONZO, Js.

Argued October 8—decision released November 16, 1982

*Patrick A. Cosgrove,* for the appellant (third party defendant).

*Felix J. Springer,* for the appellee (third party plaintiff).

PER CURIAM. This appeal arises out of an action for indemnification. The plaintiffs, David and Shirley C. Weintraub sued the defendant, Richard Dahn, Inc. (hereinafter Dahn), for damage caused by a truck driven by Dahn's employee which was delivering a load of stone in the course of the construction of a house and swimming pool on their property. The defendant, in turn, brought a third party action against the general contractor, Milton Factor and Company (hereinafter Factor), seeking indemnification for any losses resulting from the initial suit. The third party complaint alleged that

employees of the general contractor, Factor, had negligently directed the driver as he was backing the truck to the point where the accident occurred and that their negligence was the primary cause of the damage. Factor has appealed from the judgment rendered against it as a third party defendant. It claims error in the trial below upon three grounds: (1) the refusal to grant a directed verdict in its favor at the close of the evidence; (2) the failure to charge the jury as requested and to correct the supplemental charge in accordance with the exceptions taken; and (3) the denial of a motion to set aside the verdict. We find no error.

We need not address the merits of Factor's first claim because its brief fails to comport with the requirements of Practice Book § 3060F (b) and (c). Section 3060F (b) requires each brief to contain a statement of facts which is supported by references to the location of that information in the record or transcript. An appellant cannot rely on facts unless they are set forth in this statement or are otherwise incorporated in the brief with references to the transcript. Practice Book § 3060F (b) and (c). Factor claims a directed verdict should have been granted because Dahn failed to prove the necessary elements of an indemnification claim. The facts cited by Factor to require a directed verdict, however, are not contained in the statement of facts nor is the court referred to the portions of the transcript which support them.

This court also need not reach the merits of the claims regarding the jury charge and the supplemental charge because Factor has failed to comply with the mandatory procedures of this court. When claiming error in a trial court's refusal to charge as requested, a party is required to print in its brief

a verbatim statement of the relevant portions of the charge requested, the charge as given by the trial court and any relevant exceptions. Practice Book § 3060F (c) (1). In addition, the party must print in narrative form any evidence which it claims would entitle it to the requested charge, with proper references to the transcript or record. Id. When claiming error in the charge to the jury a party's brief must include a verbatim statement of all relevant portions of the charge and exceptions thereto. Practice Book § 3060F (c) (2). Evidence relevant to the error must be printed in narrative form with appropriate references to the transcript. Id. Because Factor's brief does not comply with those provisions, we decline to consider these claims further. *Duley* v. *Plourde,* 170 Conn. 482, 488–89, 365 A.2d 1148 (1976); see *State* v. *DeWitt,* 177 Conn. 637, 643, 419 A.2d 861 (1979).

As its final claim, Factor argues that the trial court erred in failing to set aside the jury verdict as a matter of law. It maintains that the acts alleged against Dahn[1] were acts of an affirmative nature. Therefore, it argues, the finding of negligence against Dahn precludes a judgment against Factor because indemnification is barred where the party seeking indemnification was "guilty of affirmative misconduct which was a proximate cause of the injury in question." *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 542, 52 A.2d 862 (1947).

---

[1] The plaintiff's initial complaint, filed April 27, 1974, charged the third party plaintiff, Richard Dahn, Inc., or its servant, William Sisco, with being negligent in one or more of the following respects: (1) failing to keep the vehicle Sisco was operating under control; (2) failing to keep a proper lookout while Sisco was backing the vehicle; (3) being unable to see in the direction the vehicle was moving; and (4) failing to wait for someone to direct Sisco's movement prior to backing the vehicle.

In essence, Factor contends that, because the acts alleged against Dahn are properly classified as malfeasance rather than nonfeasance, Dahn's negligence was necessarily primary and it was barred from recovery. We disagree. The jury did deliver a verdict against Dahn, thus finding it guilty of some act of personal negligence. Personal negligence, however, may be primary or secondary. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 415, 207 A.2d 732 (1965). A third party plaintiff who is only secondarily negligent may still recover from a third party defendant whose negligence is primary. Id.

In *Kaplan* v. *Merberg Wrecking Corporation,* supra, this court set forth the essential elements for finding that a party has been primarily negligent: (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence. Id., 416.

Generally, the determination of whether an act is negligent is a matter for the jury; see *Svenberg* v. *Subotkouski,* 133 Conn. 329, 332, 50 A.2d 441 (1946); *Borsoi* v. *Sparico,* 141 Conn. 366, 106 A.2d 170 (1954); 57 Am. Jur. 2d, Negligence § 7; as is the question of exclusive control. *Kaplan* v. *Merberg Wrecking Corporation,* supra, 418. A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tort-

feasor is ordinarily one for the trier of fact. Factor has offered no reason for finding that the trial court should have removed this determination from the province of the jury other than the fact that under the allegations of the third party complaint the truck driver unquestionably was operating the vehicle which caused the accident. We see nothing in this circumstance to render inapplicable the general principles of indemnification. The jury was entitled to find that one of the defendants was in control of the situation and that his negligence alone was the direct and immediate cause of injury. *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, supra, 543. Indeed, the relationship of suppliers and subcontractors to the general contractor on a construction project has frequently been the setting in which questions of ultimate liability for employee actions arise. See 41 Am. Jur. 2d, Indemnity § 24; *Truitt* v. *B & G Crane Service, Inc.*, 165 So. 2d 874 (La. Ct. App. 1964); *Errickson* v. *F. W. Schwiers, Jr., Co.*, 108 N.J.L. 481, 158 A. 482 (1932).

There is no error.