[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a negligence action in which the plaintiff seeks damages from defendants William Murray and John Murray (defendants) for personal injuries sustained in a motor vehicle accident. The defendants, as third-party plaintiffs, have impleaded third-party defendant Lorraine Splain claiming that the third-party defendant may be liable to the defendants and seeking indemnification for any judgment that may be rendered against them in favor of the plaintiff. The third-party defendant has moved for summary judgment on the basis chat she did not owe an independent legal duty to the defendants.
The plaintiff alleges that on June 23, 1989, she was driving a motor vehicle on College Street, in Old Saybrook, when defendant John Murray, who was operating a motor vehicle owned by defendant William Murray, failed to stop at a stop sign at the intersection of Cromwell Place and College Street, struck her and caused her personal injuries, losses and damages.
The defendants allege in their third-party complaint that the stop sign at the intersection where the collision occurred was completely obstructed by evergreen shrubs/trees located upon the property owned by the third- party defendant. They further allege that the third-party defendant had a duty to maintain the shrubs/trees in such a manner as to allow the stop sign to be visible to vehicular traffic upon the highway and that failure to do so constituted negligence and was the cause of the collision and the plaintiff's damages.
The facts as to the relationship between the defendants and the third-party defendant are undisputed.
 Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. Ordinarily, there is no right of CT Page 3726 indemnity between joint tortfeasors. Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasors.
Atkinson v. Berloni, 23 Conn. App. 325, 326 (1990 (citations omitted).
To establish a claim for indemnification against the primarily negligent tortfeasor, the secondarily negligent tortfeasor must prove four essential elements:
 (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence.
Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982); see also Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,416 (1965).
In Atkinson the court stated at page 328:
 While most Connecticut indemnification cases do not expressly address the requirement of an independent legal relationship between the parties, we have found none allowing a claim for indemnification in the absence of such a duty or relationship. . . . We conclude that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship.
The Atkinson case involved a motor vehicle accident. The Appellate Court upheld the trial court's granting of a motion to strike a claim for indemnification brought by one tortfeasor against another on the ground that no legal relationship existed between the joint tortfeasors other than the general duty of a motorist to use reasonable CT Page 3727 care. Id. at 330.
As in the Atkinson case, the defendants' complaint in the present cases alleges in a conclusionary fashion all of the elements of indemnification set forth in Kaplan v. Merberg Wrecking Corporation, supra. However, as in Atkinson, based on undisputed facts, the third-party defendant in the present case owed no independent legal duty to the defendants.
Accordingly, the third-party defendant's motion for summary judgment is granted.
HENDEL, J.