[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action against the CT Page 4338 Marriott Corporation ("Marriott") seeking to recover damages for personal injuries claimed to have been sustained when a heat lamp in a hotel room exploded causing the plaintiff to slip and fall within the bathtub. Marriott, as third-party plaintiff, filed an action seeking indemnity against the General Electric Company ("GE") alleging that the heat lamp was defective and it was GE's active negligence which was direct and immediate cause of the injuries and that Marriott had no reason to know of such negligence nor any reason to anticipate it. GE has now moved to strike the second amended third-party complaint on the grounds that it alleges facts which are inconsistent with the facts alleged in the underlying complaint and because Marriott, not GE, had control over the lamp at the time of the incident.
The first ground upon which the motion to strike is based arises from the fact that the copy of the plaintiff's complaint was attached to the original third-party action as Exhibit A, and refers to a claim of a false arrest occurring on October 4, 1990 rather than to the personal injury action which was alleged to have occurred on May 24, 1990. While the attached Exhibit may have been filed in error, the third-party complaint was filed with respect to personal injury action brought by the plaintiff and, accordingly, the motion to strike on that ground is denied.
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. . . . Ordinarily, there is no right of indemnity between joint tortfeasors. . . . Exceptions to this general rule exist, however, where the primarily tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. . . . In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved: `(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of the injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence'. Atkinson v. Berloni, 23 Conn. App. 325, 326-327 (1990).
GE claims that because Marriott had possession of the lamp itself, Marriott cannot satisfy the requirement that "it had exclusive control over the situation." However, common law CT Page 4339 indemnification is a viable cause of action in the context of product liability claims. Malerba v. Cessna Aircraft Co.,210 Conn. 189, 198 (1989). In the product liability context, where it is claimed that the manufacturer has placed a defective product in stream of commerce, the court is unwilling to conclude, as a matter of law, that the parting with possession of the product by the manufacturer prevents it from being in "exclusive control over the situation" where the product causes an injury to a third party. In light of the evidence that might be admissible under the pleadings in the present action, the court regards the question of exclusive control an issue to be determined by the trier of fact. See, Weintraub v. Richard Dahan, Inc., 188 Conn. 570, 573 (1982).
Accordingly, the Motion to Strike the Second Amended Third-Party Complaint is denied.
RUSH, J.