[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANT BUILDING MAINTENANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT CT Page 3093
The initial action in this case was brought by plaintiff, Terry Jean Scofield ("Scofield"), against defendants, Food For Thought, Inc. and Henry Beckenstein, d/b/a H.B. Associates, by way of complaint dated July 19, 1989. Scofield alleges that on March 16, 1988 she was injured as a result of a fall which occurred in a cafeteria owned by H.B. Associates and operated by Food For Thought, Inc.
Subsequently, Food For Thought, Inc. ("FFT") brought a two count third-party action against Building Maintenance Company, a division of National Cleaning Contractors ("BMC"), by way of complaint dated January 26, 1990. In count one of the third-party complaint BMC alleges that BMC was responsible for cleaning, washing, waxing and maintaining the cafeteria floor, and that BMC's negligence "was the direct and immediate cause of the accident and the resulting injuries." By way of relief FFT seeks "indemnification for any judgment that may be rendered against it in favor of the plaintiff." The second count alleges the various ways in which BMC was negligent, and it seeks "apportionment of damages and contribution" pursuant to General Statutes 52-572h.
Before the court is a motion for summary judgment as to both counts filed by BMC, claiming as to the first count that there is no genuine issue of material fact with respect to certain elements which the plaintiff must prove in an indemnification action, and that the second count is legally improper and cannot be maintained as a matter of law.
Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "`[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . .'" (Citation omitted.) Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990). "`[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" (Citations CT Page 3094 omitted.) Id., 246.
In connection with the first count BMC argues that it is entitled to summary judgment on the first count because there is no genuine issue as to any material fact with respect to two of the elements which must be proven in an indemnification action, and in addition the complaint does not allege the second of these elements.
FFT counters that negligence is a question of fact, and cannot be determined on a motion for summary judgment. In addition, FFT argues that it is entitled to indemnification because BMC owes an independent legal duty to FFT by virtue of FFT's status as a third-party beneficiary of the maintenance contract between BMC and H.B. Associates, the owner of the building. Finally, FFT contends that it is entitled to indemnification on a theory of active/passive negligence.
As indicated above, the first count is seeking indemnification. Indemnity is "a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . .and, [o]rdinarily there is no right of indemnity. . .between joint tortfeasors." (Citations omitted.) Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732 (1965). However, an exception to this rule exists "where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor." (Citations omitted.) Atkinson v. Berloni,23 Conn. App. 325, 326, 580 A.2d 84 (1990).
The following elements must be proven to establish that a party was primarily negligent and liable to indemnify a secondarily negligent tortfeasor: "(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982). In Atkinson, supra 328, the Appellate Court added a fifth element which is that the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent relationship.
In the first count of the third-party complaint FFT alleges CT Page 3095 that BMC was responsible for cleaning, washing, waxing and maintaining the floor in the cafeteria where the plaintiff allegedly fell, that it was BMC's negligence rather than any negligence on the part of FFT which was the direct and immediate cause of the fall, that BMC was in exclusive control of the situation, and that FFT did not know of BMC's negligence, had no reason to anticipate it, and could reasonably rely on BMC not to be negligent. FFT, therefore, has alleged all of the elements necessary to maintain an indemnification action except the one added by the Appellate Court in Atkinson concerning the existence of an independent relationship between BMC and FFT.
BMC claims that it has established that there is no genuine issue as to any material fact concerning the third element which is that BMC must be in exclusive control, and the fifth element relating to the existence of an independent relationship between BMC and FFT. BMC also claims that the fifth element has not been alleged.
As far as the claims with respect to the fifth element are concerned, the failure to allege an essential element is not a basis for granting summary judgment, and, in addition, BMC has failed to show that there is no genuine issue as to any material fact concerning the existence of an independent relationship between BMC and FFT.
However, BMC has shown that there is no genuine issue as to any material fact with respect to the third element. Based on the pleadings, admissions and documentary support filed with the motion for summary judgment, it appears that BMC performed cleaning services at the cafeteria run by FFT. These services were performed during the evening hours when the cafeteria was closed to the public, which was between 3:30 P.M. and 7:00 A.M. The plaintiff was a customer in the cafeteria when she fell about 7:55 A.M. At the time of the alleged fall FFT was in complete control of the cafeteria and BMC was not in control. No employees of BMC were on the premises after 7:00 A.M. or at the time of the fall.
As indicated above, one of the essential elements which must be proven in an indemnification action is that the party against whom indemnification is sought must be in exclusive control of the situation. Weintraub, supra 573. The third-party defendant BMC has shown that there is no genuine issue of material fact with respect to this essential element and, therefore, the motion CT Page 3096 for summary judgment on the first count is granted on that basis.
The second count seeks apportionment of damages and contribution pursuant to General Statutes 52-572h. The third-party defendant, BMC, is asking the court to grant summary judgment because, as a matter of law, 52-572h does not provide for contribution until the claim has gone to final judgment; the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so; the claimant has moved to open the judgment within one year after it became final for purposes of reallocation; a reallocation is made by the court; and a defendant is actually required to pay an amount in excess of his share of the original judgment. Rondeau v. Ritenour,1 Conn. L. Rptr. 413, 414 (1990). BMC is correct in this regard. It is obvious from a reading of 520-572h that a right of contribution does not arise until after judgment and after the various aforesaid significant developments have occurred. If the second count sought only contribution the motion for summary judgment would be granted. However, the second count also seeks apportionment of damages which is provided for in 52-572h. The claim for contribution is improper but the claim for apportionment of damages is valid. Therefore, the motion for summary judgment, which must be and is directed to the entire second count, is denied.
Accordingly, for the reasons set forth above, the motion for summary judgment filed by the third-party defendant is granted as to the first count and denied as to the second count of the third-party complaint.
Hadden, J.