[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In June, 1992, the plaintiff, Michelle Crawley, filed a one count complaint sounding in negligence against KMart Corporation (KMart) for injuries she sustained while using an exercise bike in a KMart store. In January, 1993, KMart filed a third-party complaint against the manufacturer of the bike, Huffy Service First (Huffy), seeking indemnification. Count one of the third-party complaint is based on common law indemnification within the context of the Connecticut Product Liability Act (General Statutes 52-572n, et seq.) and count two is based on contractual indemnification. In February, 1993, the plaintiff filed a revised complaint in which she includes Huffy as a defendant and alleges that it is liable for damages under the Product Liability Act. Huffy now moves to strike the first count of KMart's third-party complaint on the grounds that it fails to state a cause of upon which relief can be based, in that (1) it fails to allege all the elements essential to recover under common law indemnity; (2) "a third party plaintiff cannot maintain an action based on products liability;" and (3) indemnification is not available "when all potentially responsible parties are before the Court in a direct action brought by the plaintiff." Huffy's Motion to Strike, dated August 2, 1993.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). Huffy's first argument in support of its motion to strike is that KMart's allegations are not sufficient to state a claim for law indemnification. It has long been Connecticut law that a plaintiff seeking common law indemnity from another party must, at a minimum, prove four elements: CT Page 9717
 (1) the [other] party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence.
Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117
(1982), citing Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,416, 207 A.2d 732 (1965); see also Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 702 n. 2, 535 A.2d 357 (1988) (reciting same elements). In addition, implicit in indemnification is the "requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni, 23 Conn. App. 325, 327, A.2d (1990). Nowhere in its third-party complaint does KMart allege that Huffy had exclusive control over the situation. Further, in its memorandum of law in objection to motion to strike, KMart admits its first count is legally insufficient. (Memorandum of law in objection to motion to strike, dated August 27, 1993.) The first count fails to state a cause of action for common law indemnity. Therefore the motion to strike is granted.
Howard F. Zoarski, Judge