[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on a motion to strike the third party complaint. In that complaint, the defendants/third party plaintiffs, Frank Toro and Toro and Pinciaro, P.C., plead that they have been sued by the plaintiff on a complaint that, in the course of rendering legal services to the plaintiffs in connection with the purchase of a house, they failed to discover and advise the plaintiffs of certain easements that existed. The defendants allege in the first count of their third party complaint against Robert Bykowski that they hired him to perform the title search, that he had exclusive control over the method of completing that task, that the defendants had no reason to anticipate that he would complete the title search in a negligent manner and that any losses to the plaintiff are the result of the active negligence of Bykowski.
In the second count of the third party complaint, the defendants/third party plaintiffs allege that Bykowski breached a contact by which he obligated himself to perform a complete and accurate title search.
The third party defendant asserts two grounds in his motion to strike both counts of the complaint. The first is that because the plaintiffs allege that the defendants were negligent in failing to represent them in accordance with prevailing standards for legal representation, any assertion of passive-active negligence must be limited to negligence by the movant in providing legal representation. The movant asserts that because he is not alleged to have provided legal representation to the plaintiffs, he may not be subject to a third party claim based on negligence. The movant contends that because the complaint against the third party plaintiffs concerns the whole of their legal representation of the plaintiffs, active/passive negligence may not be asserted since the movant is alleged to have performed only a portion of the total services that comprised the legal representation of the plaintiffs in connection with their acquisition of the property. CT Page 5256-HHH
This argument fails to acknowledge that the only way in which the plaintiffs claim that the defendants were negligent in performing services was with regard to the accuracy and completeness of the title search, which the movant is alleged to have performed at the defendants' request.
The movant's reliance on Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65 (1990), is misplaced. In that product liability case, the product seller filed a complaint seeking indemnification from the licensor of the trademark for the product. The court's upholding of the jury verdict in favor of the licensor was based on its lack of involvement in formulating and producing the product. The defendant in the present case does not claim that it did not, as alleged, perform the actual title search that is alleged to have; been deficient.
In order to state a cause of action for indemnification, a party must allege and prove 1) that the third party was negligent; 2) that its negligence rather than another's was the direct and immediate cause of the injury; 3) that it had exclusive control over the situation; 4) that the party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence; and 5) that the charged party owed an independent legal duty to the secondarily negligent tortfeasor. Weintraub v. Richard Dahn, Inc., 188 Conn. 570,573 (1982); Atkinson v. Berloni, 23 Conn. App. 325, 326-27
(1990).
The third party plaintiffs have alleged a contractual relationship that create an independent duty by the movant to perform the title search in accordance with the applicable standard of care. They have also specifically alleged each of the other requisites for a claim of indemnification based on active/passive negligence.
Where a complaint contains the necessary allegations to constitute a cause of action, a motion to strike should not be granted. Bohan v. Last, 236 Conn. 670, 674 (1996). The complaint must be construed in the manner most favorable to sustaining its legal sufficiency. Sassone v. Lepore, 226 Conn. 773, 780 (1993);Michaud v. Wawruck, 209 Conn. 407, 408 (1988).
Conclusion
CT Page 5256-III
Count one of the complaint adequately states a cause of action for indemnification. Count Two adequately sets forth a claim based on breach of contractual duties claimed to have been owed to the third party plaintiffs by the third party defendant. The motion to strike is therefore denied.
Beverly J. Hodgson Judge of the Superior Court