[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
As alleged in the fourth party complaint which is the subject of the instant motion to strike, the named plaintiff is an employee of the fourth party defendant, Mazzella. Prior to July 13, 1994, Mazzella had hired the defendant Brownell/d.b.a. Circle B Barn, to construct a barn on his property. Brownell hired the third party defendant, Shirey, as an independent contractor to assist in the construction. At some point in time on July 13, Brownell and Shirey determined they needed additional help. The fourth party complaint alleges that Mazzella offered his assistance and that of the plaintiff. In the process of raising the wall, the wall fell and injured the plaintiff.
The plaintiff initially filed his complaint against Brownell. Brownell thereupon cited in Shirey. Shirey, in turn, cited in Mazzella. Mazella [Mazzella] has now moved to strike both counts of Shirey's complaint which sound, respectively, in indemnification and apportionment.
With respect to the indemnification count, Mazzella contends that an independent legal relationship between the indemnitor and the indemnitee (Shirey and Mazzella) is an essential element of such a cause of action. He alleges that there are five elements to an indemnification cause of action. Neither side disputes the existence of the first four elements as listed in Kaplan v.Merberg Wrecking Corp., 152 Conn. 405, 412 (1965) and Weintraubv. Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982):
 (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence.
Id.
The dispute arises over a fifth element, an independent legal relationship. CT Page 5943
In Atkinson v. Berloni, 23 Conn. App. 325, 326 (1990), the court stated:
 Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Some Connecticut cases have expressly required such a relationship. Ferryman v. Groton, supra; Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,
supra; Maccarone v. Hawley, 7 Conn. App. 19, 507 A.2d 506 (1986).
Id., 326-27.
Citing Commercial Union Insurance v. City of New Haven,
Superior Court, judicial district of New Haven, Docket No. 243717 (3 Conn. L. Rptr. 453, April 10, 1991, Dorsey, J.), Shirey alleges that there is a split at the superior court level in interpreting Atkinson and that an independent legal relationship is not always essential. In other decisions by the same judge, however, a contrary decision was reached. See Cangiano v.Meredith, Superior Court, judicial district of New Haven, Docket No. 290679 (December 18, 1990, Dorsey, J.).
In Robillard v. Asahi Chemical Industry Co., Superior Court, judicial district of Hartford-New Britain, Docket No. 539213 (15 Conn. L. Rptr. 425, September 27, 1995, Blue, J), Judge Blue discusses, in great detail, the evolution of the indemnification cause of action and the necessity of an independent legal relationship. ("In expressly requiring the existence of a duty grounded in an independent legal relationship, Ferryman andTherrien are not only consistent with each other, but with the law prevailing in the majority of jurisdictions." . . . "There must be an independent legal duty, not simply a dichotomy between active and passive negligence."). This court agrees with Judge Blue's analysis and that of the Appellate Court in Atkinson and therefore concludes that the complaint must allege an independent legal relationship between the indemnitor and the indemnitee, in this case, Shirey and Mazzella. The fourth party complaint in this case alleges no such relationship. Because it fails to do so, it also fails to state a claim upon which relief may be granted as a matter of law, and the motion to strike this count therefore is granted.
Mazzella also moves to strike the apportionment count of CT Page 5944 Shirey's complaint on the basis of his contention that Rogan's status as the fourth party defendant Mazzella's employee precludes such a cause of action by the third party defendant Shirey. If Rogan was acting as Mazzella's employee at the time Mazzella asked for his assistance with the barn, then Shirey's apportionment count is precluded by the application of General Statutes § 31-284 (a): "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . ." Paragraph Six of the fourth party complaint states: "Upon information and belief, the Fourth Party Defendant, John Mazzella offered to the Fourth Party Plaintiff the assistance of Edward Rogan who was employed by the Fourth Party Defendant, John Mazzella." (Emphasis added.) The court must conclude that the mention of employment is not gratuitous and that a fair implication of this paragraph is the allegation that Rogan was acting within the scope of his employment when he undertook to assist in the ill-fated raising of the wall. Thus, even construing Shirey's fourth party complaint in the light most favorable to him, he has failed to allege facts upon which the court could conclude anything other than that the plaintiff was acting as Mazzella's employee at the time of the incident. The apportionment count is thus precluded by § 31-284, and the motion to strike it is therefore granted.
The motion to strike is therefore granted in its entirety.
Jonathan E. Silbert, Judge