[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the third party defendant's motion to strike the third party plaintiffs' complaint. The relevant facts with regard to the disposition of this motion are as follows.
On September 24, 1997, the minor plaintiff Carissa Angelone, P.P.A. Richard Angelone, commenced this action against the defendants Barbara Travisano and the Gelco Corporation (collectively "the defendants"). The plaintiff alleges in her complaint that as she was riding her bicycle along a public sidewalk, a van owned and operated by the defendants collided with her as it was exiting a parking lot. The plaintiff further alleges that as a result of the defendants' negligence she suffered various injuries.
On June 8, 1998, the defendants filed a motion to implead the third-party defendants The Forgione Corporation (hereinafter, "Forgione") and CVS Pharmacy, Inc. (hereinafter, "CVS"). On June 22, 1998, the court, Leheny, J., granted the defendants' motion. Thereafter, on October 28, 1998, Forgione moved to strike the defendants' third-party complaint on two grounds: (1) that the defendant Travisano was the direct and immediate cause of the plaintiff's injuries, not Forgione; and (2) that Forgione was not in exclusive control of the situation which caused the plaintiff's injuries. It is this motion to strike that is presently before the court.
"The purpose of a motion to strike is to contest, the legal sufficiency of the allegations of any complaint . . . to state a claim upon relief can be granted." Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R.K. Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , supra, 240 Conn. 580. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted.) CT Page 10895Knight v. F.L. Roberts Co., 241 Conn. 466, 470, 696 A.2d 1249
(1997)
The issue of indemnification was recently and squarely addressed by the Connecticut Supreme Court in Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 694 A.2d 788 (1997). There, the Supreme Court stated: "Ordinarily there is no right of indemnity or contribution between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct and immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between active or primary negligence and passive or secondary negligence. Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 697.
In the instant case, under the criteria set forth inSkuzinski, in order for the defendants' third-party complaint to legally state a claim for indemnification, it must allege the following: (1) that Forgione was negligent; (2) that Forgione's negligence, rather than the defendants' negligence, was the direct, immediate cause of the accident and injuries; (3) that Forgione was in control of the situation to the exclusion of the defendants; and (4) that the defendants did not know of such negligence, had no reason to anticipate it, and could reasonably rely on Forgione not to be negligent. Skuzinski v. BouchardFuels, Inc., supra, 240 Conn. 698; see also Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988).
The defendants' third-party complaint alleges that Forgione and CVS own, maintain and control the premises immediately adjacent to the public sidewalk where the plaintiff was injured. The third-party complaint further alleges, inter alia, that Forgione and CVS actively and directly caused the plaintiff's injuries through their negligent placement of an exit driveway immediately adjacent to the CVS building. Essentially the defendants allege that Forgione and CVS created a "blind spot" that prevented drivers exiting their premises from seeing persons approaching from the driver's right. Also, the defendants allege that Forgione and CVS failed to warn exiting drivers and CT Page 10896 approaching pedestrians of this "blind spot." Finally, the defendants allege that Forgione and CVS were in exclusive control of the positioning of the exit driveway. For these reasons, the defendants claim they are entitled to indemnification.
"The question of whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact and not appropriate for disposition by the court on a motion to strike. Thus, the proper inquiry for the court is whether the third-party plaintiffs could prove, on the basis of their allegations, that they are entitled to indemnification." Veroczi v. Big Y Foods, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 337521 (February 5, 1998, Melville, J.). Here, it is within reason to conclude that a jury might find that Travisano's collision with the plaintiff was directly brought about by the conditions created by Forgione; notwithstanding Travisano's alleged negligence. For instance, it is plausible that a jury may conclude that Forgione's failure to post warning signs with regard to the alleged "blind spot" was the direct cause of Travisano's collision with the plaintiff, even though Travisano actually operated the vehicle involved in the collision. Consequently, it would be improper for this court to determine as a matter of law that Forgione could not have been the direct and immediate cause of the plaintiff's injuries.
It is also well recognized, as with the issue of direct accusation discussed above, that the issue of whether a party has exclusive control over a situation is ordinarily a matter for the jury. See Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573,452 A.2d 117 (1982). Exclusive control over a situation has been defined "as exclusive control over the dangerous condition that gives rise to the accident." Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 698. In this action, the defendants have alleged that Forgione controlled, to the exclusion of the defendants, the positioning of the exit driveway that led to the creation of the "blind spot;" and that this positioning of the exit driveway caused the plaintiff to be injured while riding her bicycle on the public sidewalk immediately adjacent to Forgione's premises.
Although this question presents a closer call than the issue of direct causation, the court finds nonetheless, that in light of the present allegations the motion to strike should be denied. To be certain, this action is analogous to the decision inSkuzinski, where the Court found as matter of law that under the CT Page 10897 "rare" circumstances of that case indemnification was not warranted. Id., 705. Skuzinski, however, is distinguishable from the case at bar. There, the plaintiff was injured while walking on a public street. Id., 705. Here, the plaintiff was injured while riding her bicycle on a public sidewalk. The difference, although discrete, is paramount as the Court's language makes plain. "We address only the narrower question raised by the circumstances of this case, namely, whether the exclusive controlover a sidewalk . . . can be equated to the exclusive control over the "situation," that is to say over an accident caused by an unrelated party and occurring in the adjoining publicroadway." (Emphasis added.) Id., 706. In Skuzinski, the Court assumed that the third-party defendant was in exclusive control of the sidewalk; but because the plaintiff was injured while walking in a public street, no indemnification was permissible. Id., 705. ("We need not decide today . . . whether any potential indemnitor can ever be found to have been in "exclusive control" of a public street.")
Here, the plaintiff was injured while on the public sidewalk adjacent to Forgione's premises, and the third-party complaint alleges that the plaintiff's injuries were caused by Forgione's negligent placement of the exit driveway, and its failure to post warning signs. Therefore, in light of the allegations of the third-party complaint, as well as the express language of the Connecticut Supreme Court in Skuzinski, this court finds that the defendants' have sufficiently pleaded their claim for indemnification.
Accordingly, Forgione's motion to strike is denied.
Angela Carol Robinson, Judge, Superior Court