[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #182
Nichola Riggione filed an action against the city of Milford, alleging that the city created a nuisance in allowing an excessive runoff of water from the city's property onto his property, thereby damaging it. The city then filed an indemnification complaint against Aqua Leisure Pool Spa, alleging active/passive negligence. Aqua Leisure now moves for summary judgment, arguing that there is no basis for indemnification.
The defendant, City of Milford (city), filed an amended third-party complaint[1] (third-party complaint) against Aqua Leisure Pool Spa (Aqua Leisure)[2] on October 21, 1999.[3] The city's third-party complaint against Aqua Leisure is based on indemnification and alleges that Aqua Leisure and the plaintiff; Nicholas Riggione, entered into an agreement to maintain Riggione's Leisure and the plaintiff, Nicholas Riggione, entered into an agreement to maintain Riggione's pool.[4] The city alleges that Aqua Leisure was negligent in maintaining and/or starting Riggione's pool. The city also alleges that Aqua Leisure's negligence was active and primary and was the direct and immediate cause of Riggione's injury. Aqua Leisure filed an answer on June 26, 1999.
Aqua Leisure filed a motion for summary judgment on September 9, 1999, on the ground that there is no basis for indemnification between the city and Aqua Leisure and that it is entitled to judgment as a matter of law. The city filed an objection on December 27, 1999, on the ground that a genuine issue of material fact exists.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Riverav. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "A material fact has been defined adequately and simply as a fact which CT Page 7503 will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, supra,252 Conn. 201. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
Aqua Leisure argues that an indemnification claim is available to the city only if Riggione prevails in its suit against the city and that an indemnification claim "requires that the third party complaint be construed as against the allegations of the plaintiff's complaint" and that the city "cannot prevail in its indemnification claim against [Aqua Leisure] when the third party complaint is construed as against the plaintiff's complaint and the third party plaintiff's complaint because [Riggione's] complaint alleges that the [city was] actively negligent." Aqua Leisure argues that if Riggione prevails against the city, it would be on a basis which precludes a finding that Aqua Leisure was the direct and immediate cause or that Aqua Leisure was in exclusive control of the situation by which Riggione suffered damages.
The city argues that if Riggione prevails in his suit against the city, this would not preclude the city's indemnification claim against Aqua Leisure. The city argues that just because a defendant is found liable in an underlying action, it does not mean that the jury found the defendant actively negligent. Furthermore, the city argues that General Statutes § 52-102a specifically permits a party to implead another party into the underlying action if that party may be liable to the first party.
"[W]e note that a party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. . . . We have also consistently held CT Page 7504 that, if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Citations omitted; internal quotation marks omitted.)Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990); see also Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 698, 694 A.2d 788 (1997). The city has alleged these elements in the third party complaint.[5]
Aqua Leisure, as the moving party, has the burden of showing the absence of any genuine issue of material fact. Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24. It has not presented any evidence to show the absence of any genuine issue of material fact, and has, therefore, not met its burden. The city, on the other hand, has provided an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. The city has submitted the deposition of Riggione where he testified that he told Aqua Leisure of the mud and silt the pool received from the golf course. (Exhibit C, Deposition of Nicholas Riggione, 9/24/98, pp. 61-62.) The city also submitted the deposition of the president of Aqua Leisure where he testified that Riggione informed him that there had been a flood in his backyard and that there was a problem with the pool. (Exhibit D, Deposition of John Richard Crowl, 11/16/99, p. 25.)
Furthermore, "[g]enerally, the determination of whether an act is negligent is a matter for the jury . . . as is the question of exclusive control. . . . A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact." (Citations omitted.) Weintraub v.Richard Dahn, Inc., 188 Conn. 570, 573-74, 452 A.2d 117 (1982); see alsoSkuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 704 (ordinarily, the absence or presence of exclusive control is a question of fact); see alsoAngelone v. Travisano, Superior Court, judicial district of New Britain at New Britain, Docket No. 483599 (August 10, 1999, Robinson, J.) (questions of whether party is primarily negligent and thereby liable for indemnification to another tortfeasor and whether party has exclusive control are for trier of fact). CT Page 7505
In addition, the court is not persuaded that the allegations in the underlying lawsuit against the city must be the same as the allegations in the city's lawsuit against Aqua Leisure. "In fact . . . claims for indemnification have been successfully brought although the theories raised against each joint tortfeasor were ultimately different from each other. See, e.g., Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 695-96 (raising indemnification claim against third-party defendant for failing to remove snow and ice where defendant/third-party plaintiff hit and injured plaintiff); Saucier v. 5-D's Skating Center,Inc., Superior Court, judicial district of Waterbury, Docket No. 131232 (January 7, 1998, Shortall, J.) (raising indemnification claim against third-party defendants for negligently colliding with plaintiff at skating rink while defendant/third-party plaintiff allegedly liable for failing to provide adequate security and supervision); Katsetos v. VikingConstruction, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160359 (November 6, 1998, Hickey, J.) (bringing indemnification-claim against third-party defendant for negligent design and supervision of construction of building where defendant/third-party plaintiff allegedly liable for negligent construction of building);Satula v. Yale University, Superior Court, judicial district of New Haven, Docket No. 404649 (December 7, 1998, Jones, J.) (bringing indemnification claim against third-party defendant for negligent design where defendant/third-party plaintiff allegedly liable for negligent construction of patio)." City of Bristol v. Dickau Bus Co., Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 567991 (October 1, 1999, Peck, J.); see also Sedlak v. Neville, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 167678 (December 21, 1999, D'Andrea, J.)
For the reasons stated above, the court hereby denies Aqua Leisure's motion for summary judgment.
NADEAU, J.