[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Hilltop Landscaping (Hilltop), the third-party defendant, moves for summary judgment against Fleet Bank, the third-party plaintiff Fleet Bank, the defendant in a slip and fall case, filed an indemnification action against Hilltop, alleging that Hilltop was responsible for plowing and sanding the parking lot where the plaintiff fell.
The original plaintiff; Regina Michaels, filed a two-count complaint against the defendants, Fleet Bank and Fleet Bank, Trustee, on January 9, 1998. The first count is against Fleet Bank and the second count is against Fleet Bank, Trustee. Throughout this decision, the defendants will be collectively referred to as Fleet Bank. Both counts allege that Fleet Bank was negligent and careless in maintaining the parking lot by keeping it clear of ice. Fleet Bank filed an amended answer on May 7, 1999. Fleet Bank moved to implead Wayne Lonsdale, doing business as Hilltop Landscaping, as a third-party defendant on May 18, 1998.[1]
Fleet Bank alleges that they had ""contracted with the third-party defendant [Hilltop] for ice and snow removal, sanding, salting and other abrasive as appropriate to prevent a slippery and icy surface at said lot." Fleet Bank alleges that "[i]f said lot was slippery, dangerous and defective as alleged in the complaint by the plaintiff [Michaels], it was due to the defective sanding, clearing, salting, abrading, warning or maintaining of said rear parking lot by the third-party defendant [Hilltop] and was a result of the actions or non-actions of the third-party defendant [Hilltop] rather than "any negligence which with the third-party plaintiff [Fleet Bank] may be found culpable as said actions were a direct and immediate cause of the accident and resulting injuries."[2]
Hilltop filed a motion for summary judgment, along with an affidavit, on March 19, 1999, on the grounds that the third-party complaint does not allege legally sufficient claims for indemnification and fails to state a claim upon which relief can be granted and that it is entitled to judgment as a matter of law. Fleet Bank filed an objection to the motion for summary judgment, along with a statement made to an investigator, on March 31, 1999, and a supplemental affidavit to the objection on July 16, 1999.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Riverav. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation CT Page 7753 marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." "(Internal quotation marks omitted.)Sherwood v. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.., and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, supra,252 Conn. 201. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
Hilltop argues that "in order to recover in its action for active/passive negligence, Fleet Bank must plead and prove four elements: (1) that Hilltop was negligent; (2) that Hilltop's negligence was the direct, immediate cause of action and injuries; (3) that Hilltop was in control of the situation to the exclusion of Fleet Bank; and (4) that Fleet Bank did not know of such negligence, had no reason to anticipate it, and could reasonably rely on Hilltop not to be negligent. Hilltop argues that Fleet Bank has "not alleged sufficient facts to satisfy [these] four prongs." Hilltop also argues that where there is a nondelegable duty, apportionment is not allowed and that Fleet Bank should not be allowed to allege indemnification where it could not allege apportionment. (Italics added)
Fleet Bank argues that Hilltop's affidavit in support of his motion for summary judgment should be stricken because it goes to the question of who was negligent, which is an ultimate issue of fact in this case. Fleet Bank also argues that, "where an owner of premises hires an "independent contractor to perform work, then it is the independent contractor, not the owner who is liable for any losses resulting from the negligent performance." (See infra.)[3]
"[W]e note that a party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. . . . We have also consistently held that, if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or CT Page 7754 primary negligence' of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Citations omitted; internal quotation marks omitted.) Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990); see also Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 698, 694 A.2d 788 (1997). Fleet Bank has sufficiently alleged these elements in the third-party complaint.
Hilltop submitted an affidavit by Lonsdale, the owner of Hilltop, in which he states that Fleet Bank was in exclusive control of the premises and that Hilltop was not careless or negligent in its snow plowing and sanding services. (Affidavit, ¶¶ 6-7.) Fleet Bank submitted Lonsdale's statement to its investigator, in which Lonsdale states that his crew did snow plow and sand the premises. (Lonsdale's statement, dated April 8, 1996.)
"Generally, the determination of whether an act is negligent is a matter for the jury. . . as is the question of exclusive control. . . . A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact." (Citations omitted.) Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573-74, 452 A.2d 117 (1982); see also Skuzinski v. BouchardFuels, Inc., supra, 240 Conn. 704 (ordinarily, the absence or presence of exclusive control is a question of fact); see also Angelone v.Travisano, Superior Court, judicial district of New Britain at New Britain, Docket No. 483599 (August 10, 1999, Robinson, J.) (questions of whether party is primarily negligent and thereby liable for indemnification to another tortfeasor and whether party has exclusive control are for trier of fact). Lonsdale's self-serving affidavit and statement merely dispute the allegations of the third-party complaint in a conclusory fashion. This is insufficient to meet the movant's heavy burden of "showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center, 252 Conn. 363,373, n. 7, 746 A.2d 753 (2000).
The court is also not persuaded by Hilltop's argument that indemnification is not allowed when apportionment is not available. First, Hilltop provides no authority for this argument. Second, there is CT Page 7755 a split of authority at the trial court level regarding the issue of whether an independent contractor can be brought into a negligence action for apportionment purposes. See Riggione v. Kmart Corp, Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander, J.). Third, in at least some of those cases holding apportionment is not available, the courts explicitly held that indemnification may be available. See Riggione v. Kmart Corp, supra, Superior Court, Docket No. 425255 (the defendant may be without the remedy of apportionment but may seek indemnification); Currier v.Fieldstone Village, Superior Court, judicial district of Tolland at Rockville, Docket No. 69258 (January 19, 2000, Sullivan, J.) (the defendant is not without a potential remedy as the defendant may seek indemnity against his contractor.)
The court holds that there are questions of material fact and that summary judgment is inappropriate. Therefore, the court denies Hilltop's motion for summary judgment. As the court has decided the matter on this issue, the court will not address Fleet Bank's alternative arguments.
NADEAU, J.