[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT DEPALMA'S MOTION TO STRIKE PARAGON'S THIRD-PARTY COMPLAINT (#145)
The plaintiff, Christine Leach, filed a complaint against Paragon Sporting Goods Co., LLC (hereinafter "Paragon"), New Balance Athletic Shoe, Inc., JM Associates, Inc., Merk Acquisition II, Inc., and Insport International, Inc. The plaintiff alleges that she purchased jogging tights and a jacket with reflective material to use for safety and visibility to motorists while jogging in the dark. The plaintiff alleges that, while jogging, she was struck by an automobile at approximately 9:51 p.m. on March 15, 1995, even though she was wearing these jogging tights and jacket.
Paragon filed a two-count complaint against the third-party defendants, Richard D. and Gloria J. DePalma (DePalmas). Count one alleges that if the plaintiff was injured, it was due to the negligence of the DePalmas and the DePalmas' percentage of responsibility should be allocated to them pursuant to General Statutes § 52-572o.[1] Count two alleges that the DePalmas were the direct, immediate and active cause of the alleged injuries and any negligence on the part of Paragon was passive and secondary.
The DePalmas move to strike both counts of the third-party complaint CT Page 9755 filed by Paragon on the ground that both counts are legally insufficient. Paragon filed an objection and a supporting memorandum. The DePalmas subsequently filed reply briefs.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof. . . ." Practice Book § 10-39
(a); Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089 (1998). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. (Internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 68, 700 A.2d 655 (1997); see also Cotto v. UnitedTechnologies Corp., 251 Conn. 1, 18, 738 A.2d 623 (1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Bhinder v.Sun Co., 246 Conn. 223, 226, 717 A.2d 202 (1998).
 CONTRIBUTION
The DePalmas argue that count one of Paragon's complaint, a claim for contribution, is legally insufficient because there is no common obligation. They argue that Paragon's liability to the plaintiff arises solely in product liability whereas the DePalmas' liability, if any, sounds in common law negligence. The DePalmas argue that, as there is no allegation of a common obligation, there is no right to contribution between them and Paragon. The DePalmas argue that they had no role in bringing about the alleged defect in the jogging tights and jacket.
Paragon objects, arguing that General Statutes § 52-572m, the product liability statute, and General Statutes § 52-572o, allow a claim for contribution by product sellers. Paragon further argues that "[w]hen two or more causes concur, resulting in an injury to the plaintiff, the plaintiff has the election to seek recovery from one or all of the tortfeasors involved." (Paragon's Memorandum, p. 4.) Paragon argues that the DePalmas are joint tortfeasors. Paragon further argues that General Statutes § 52-577a (b) allows for a product seller to implead any third party who may be liable for all or part of the plaintiff's claim.
"Contribution is a payment made by each, or by any, of several having a common interest or liability of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others. . . . The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of CT Page 9756 money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." (Citations omitted; emphasis in original; internal quotation marks omitted.) Crotta v. Home Depot, Inc.,249 Conn. 634, 639-40, 732 A.2d 767 (1999). "[T]he element of commonliability of both tortfeasors to the injured person [is] essential to theright of contribution . . . ." (Emphasis in original; internal quotation marks omitted.) Id., 640.
In Crotta v. Home Depot, Inc., supra, 249 Conn. 634, the plaintiff brought a product liability action alleging that a shopping cart was defective and unreasonably dangerous. One of the defendants brought a common law claim for contribution against the plaintiff's parent, alleging that the parent was negligent in the supervision of his child. The Supreme Court held that, because the doctrine of parental immunity barred the parent from being liable to the minor plaintiff, there was no common liability and therefore no basis upon which to assert a common law claim for contribution. Id., 640. The Supreme Court, however, did not address the issue of whether in the absence of such immunity there would otherwise be a common obligation.
The DePalmas cite to Timmons v. Ford Motor Co., 949 F. Sup. 859 (S.D. Ga. 1996), to support their argument that there is no common obligation. In Timmons v. Ford Motor Co., supra, 949 F. sup. 859, the plaintiffs brought a products liability action against the manufacturer of a sports utility vehicle. The manufacturer impleaded the allegedly intoxicated driver that caused the crash. The court held that if the driver "were liable at all, then he would not be liable directly to Ford, but rather would be liable only to plaintiffs for causing the original collision. Ford is being sued based upon theories of product liability, not for simple negligence in causing the accident in question." Id., 862. The court went on to say that "[t]he Court finds that Ford will not be unfairly prejudiced by the absence of [the driver] as a party to this litigation. . . . However, due to the posture of this case, if Ford were found liable for causing the deaths of the passengers, it will be based on products liability theories of which [the driver] is completely uninvolved and for which [the driver] would not liable to Ford. Introducing [the driver] into this litigation would unfairly focus the attention away from the primary issues in this case." Id., 862-63.
The court finds Timmons v. Ford Motor Co., supra, 949 F. Sup. 859, persuasive. The allegations in the plaintiff's complaint against Paragon sound solely in products liability and do not make any reference to the alleged negligence of the DePalmas. Introducing that alleged negligence "would unfairly focus the attention away from the primary issues in this case." Id., 862-63. CT Page 9757
The DePalmas' motion to strike count one is granted.[2]
 INDEMNIFICATION
The DePalmas argue that count two of Paragon's complaint, a claim for indemnity, is legally insufficient because they had no control over the sale or condition of the jogging tights and jacket and Paragon could not reasonably rely on the DePalmas to act nonnegligently. The DePalmas argue that two elements of an indemnity claim, exclusive control and reasonable reliance, are not well pleaded. In essence, the DePalmas argue that the situation is the condition of the jogging tights and jacket.
Paragon objects, arguing that whether the DePalmas are in exclusive control of the situation is a question of fact. Paragon argues that a reasonable jury could find the driver of a vehicle which struck the plaintiff to be the direct, primary and active cause of the accident. Paragon further argues that the DePalmas concede that all the elements of an indemnity claim have been pleaded. In essence, Paragon argues that the situation is the operation of the vehicle.
"[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. . . . We have also consistently held that, if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Citations omitted; internal quotation marks omitted.) Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990); see also Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 698, 694 A.2d 788 (1997). Paragon has alleged these elements in the third party complaint.
The DePalmas cite to Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 694, for their argument that they do not have exclusive control of the situation. In Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 694, the court addressed "only the narrower question raised by the circumstances of this case, namely, whether the exercise of exclusive control over a sidewalk, by failing to remove its snow cover, can be CT Page 9758 equated to the exercise of exclusive control over `the situation,' that is to say over an accident caused by an unrelated party and occurring in the adjoining public roadway." Id., 706. The court held that, "under the factual scenario alleged in [the] third party complaint, no reasonable juror could find that the third party defendants had exclusive control over the situation." Id.
"It is plausible to define exclusive control over `the situation' as exclusive control over the dangerous condition that gives rise to the accident." Id., 706. A reasonable juror could find that the dangerous condition giving rise to the accident was the alleged negligence of the DePalmas and that the DePalmas had exclusive control of that situation. Ordinarily, "the absence or presence of exclusive control is a question of fact." Id., 704. While special circumstances may make the absence or presence of exclusive control a question of law, the court does not find this to be so in the present case. Furthermore, "[a] party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact."Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573-74, 452 A.2d 117
(1982).
The DePalmas' motion to strike count two is denied.
 CONCLUSION
The court grants the motion to strike as to count one, but denies the motion to strike as to count two.
The Court
By___________________________ Nadeau, J.