[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE OF DEFENDANTS/THIRD-PARTY PLAINTIFFS
The defendants/third-party plaintiffs, Edward Cook and A S Trucking, LLC (collectively, Cook), have filed a third-party complaint against the third-party defendant, Davey Tree Expert Company (Davey), seeking damages, indemnification and/or contribution for any damages and losses suffered by Cook in the underlying action. Cook also seeks costs, expenses and attorneys fees incurred in defending the underlying action. Davey has filed a motion to strike the entire third-party complaint upon the ground that Cook fails to allege any facts that would establish a right to indemnification because Davey did not have exclusive control over the vehicles involved in the accident.
On April 21, 1999, Cook filed a third-party complaint against Davey in Putnam Superior Court. The third-party complaint alleges the following facts. On November 19, 1997, on Route 74 in the town of Willington, Connecticut, the original plaintiff, Lois Morin, was involved in a motor vehicle accident. Morin filed a complaint, dated March 10, 1999, against Edward Cook, A S Trucking, LLC, and Ford Motor Credit for injuries and damages allegedly sustained by her during that accident. Morin alleged that Cook's negligent operation of a motor vehicle during the course of his employment with A S caused her to collide with Cook's vehicle, thereby causing her injuries and damages. At the time of Morin's collision, on November 19, 1997, Davey was performing tree trimming services near the travel lanes of Route 74 in Willington despite being denied a permit to do so by the Connecticut Department of Transportation.
On July 14, 1999, after having been granted a motion for extension, Davey filed a motion to strike upon the ground that Cook has failed to alleged facts sufficient to state a cause of action for indemnification because Davey did not have exclusive control over the vehicles involved in the accident. On August 23, 1999, in accordance with Practice Book § 10-42(b), Cook filed an objection with supporting memorandum. The court heard oral argument at short calendar on February 7, 2000.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." CT Page 4871Napoletano v. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216,232, 680 A.2d 127, cert. denied, 520 U.S. 1103, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997). The court "must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency."Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 149 (1998). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980). "Because a motion to strike challenges the legal sufficiency of a pleading, [it,] consequently, requires no factual findings by the trial court. (Citation omitted; internal quotation marks omitted.) ATC Partnership v. Windham, 251 Conn. 597, 603,741 A.2d 305 (1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
Davey seeks to strike the third-party complaint brought against it by Cook upon the ground that "the facts alleged in the third-party complaint are legally insufficient to state a cause of action for common law indemnification because [Davey] did not have exclusive control over the vehicles involved in the accident." Davey argues that "[n]o reasonable juror could conclude that Davey had exclusive control over this accident caused by an unrelated party and occurring on a public highway." (Davey's Brief, p. 10.) During oral argument, Davey also contended that a public street cannot be under the exclusive control of a private party.
Cook argues that "the third-party defendant has failed to cite any basis for its claim that Mr. Cook and A S Trucking are required to establish that the Davey Tree Expert Company had "exclusive controlover the vehicles involved in the accident." . . . [T]he concept of common law indemnification envisions passive negligence on the part of the party seeking indemnification, but active and primary negligence on the part of the party from whom indemnification is sought." (Citation omitted; emphasis in original.) (Cook's Brief in Opposition, p. 16.) Cook further argues that they have alleged "sufficient facts from which it can be inferred that Davey Tree Expert Company was in control of the situation . . .; (Cook's Brief in Opposition, p. 17.); [and] it can [also] be inferred that the Davey Tree Expert Company's negligence was the active and primary negligence which caused the collision between the plaintiffs vehicle and the vehicle operated by Mr. Cook." (Cook's Brief in Opposition, p. 19.) CT Page 4872
Although, "[o]rdinarily there is no right of indemnity or contribution between joint tortfeasors. . . . Where . . . one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between "active or primary negligence," and "passive or secondary negligence." . . . Indemnity shifts the impact of liability
from passive joint tortfeasors to active ones. . . . " (Citations omitted; emphasis in original; internal quotation marks omitted.)Crotta v. Home Depot, Inc., 249 Conn. 634, 642, 732 A.2d 767 (1999).
In a third-party complaint seeking common law indemnification, the plaintiffs "must allege facts sufficient to establish at least four separate elements. . . . These elements are: (1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the third-party plaintiffs], was the direct, immediate cause of the accident and injuries; (3) that the other tortfeasor was in control of the situation to the exclusion of [the third-party plaintiff]; and (4) that [the third-party plaintiff] did not know of such negligence, had no reason to anticipate it, and could reasonable rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698,694 A.2d 788 (1997).
In the present case, Davey seeks to strike the third-party complaint upon the ground that it did not have exclusive control over the vehicles involved in the accident. "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, supra,182 Conn. 140. Therefore, the court will confine its analysis to the issue of exclusive control.
Relying primarily upon Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 694, Davey argues that, although the issue of exclusive control is normally a question of fact, reserved for the jury, the court should grant its motion to strike in this instance because "no reasonable juror could conclude that Davey had exclusive control over this accident . . .
The question of exclusive control should not ordinarily be resolved on a motion to strike because the absence or presence of exclusive control is a question of fact. See Skuzinski v. Bouchard Fuels, Inc., CT Page 4873 supra, 240 Conn. 704; Weintraub v. Richard Dahn, Inc., 188 Conn. 570,573, 452 A.2d 117 (1982). "Nevertheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law."Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 705. Although Davey argues that this is one of those "special circumstances," the court disagrees, and the question of exclusive control, in this instance, as is ordinarily the rule, should be left for the jury. SeeWeintraub v. Richard Dahn, Inc., supra, 188 Conn. 573. Skuzinski is readily distinguishable from the present case.
In Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 694, the plaintiff sought to recover for injuries he sustained when he was struck by the defendant's vehicle after leaving a store. The defendant, Bouchard, sought indemnification from the third-party defendants, the store owners, alleging that their failure to clear snow from their sidewalk caused the plaintiff to walk in the street where he was struck and injured. The trial court granted the store owners' motion to strike observing that "[t]he relationship between these parties [the store owners and the defendant] was clearly random and unanticipated. . . ." Id., 697. On appeal, our Supreme Court held that precedent did not require "an independent legal relationship between the indemnitor and the indemnitee;" id., 699-700; but nonetheless upheld the trial court's decision upon the ground that the store owners did not have exclusive control of the situation. Id., 706. Exclusive control over the situation being "exclusive control over the dangerous condition that gives rise to the accident." Id.
Noting that at oral argument, "Bouchard conceded that it did not claim that the unremoved snow had resulted in an encroachment on or an obstruction of [the street];" id., 705; the court in Skuzinski
answered in the negative the question of "whether the exercise of exclusive control over a sidewalk, by failing to remove its snow cover, can be equated to the exercise of exclusive control over "the situation," that is to say over an accident caused by an unrelated party and occurring in the adjoining public roadway." Id., 706. The court concluded that under the alleged facts "no reasonable juror could find that the third party defendants had exclusive control over the situation." Id.
One of the deciding factors in Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 694, was the absence of an allegation that, by failing to remove the snow from their sidewalk, the store owners had CT Page 4874 obstructed the roadway where the accident occurred. See id., 705. Unlike Skuzinski, the third-party plaintiff in the present case, makes numerous allegations that Davey had control over the roadway and, in fact, obstructed the roadway. Specifically, Cook alleges that Davey "placed something or permitted something to remain in a highway, or dug up the ground therein, by which the passage of travelers was obstructed and/or endangered and/or the highway was encumbered . . .; [and Davey] obstructed the travel portion of the roadway. . . . (Third-party Complaint, ¶ 8 (j and k.) Those allegations, combined with the numerous allegations that Davey's negligence was the direct and proximate cause of any injuries sustained by Morin and the allegations that Cook had no reason to anticipate said negligence and that it was reasonable to believe that said negligence would not occur, take this case well outside of the `special circumstances' discussed in Skuzinski. Cook has alleged sufficient facts to demonstrate that Davey had "exclusive control over the dangerous condition that [gave] rise to the accident;"Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 706; and those allegations, if proven, would support a cause of action for indemnification.
Accordingly, because facts provable in the complaint would support a cause of action, the motion to strike is denied. See Faulkner v.United Technologies Corp., supra, 240 Conn. 580.
Potter, J.